The opinion of the Court was afterwards delivered to the following effect, by
Parsons, C. J.
The opinion of the Court below was
formerly holden to be the law, and the case of * Weaver [ * 394 ] vs. Boroughs (2) before Lord Raymond is an authority to that purpose. This, Lord Mansfield observes, was the rule, when it was the fashion to lay hold of a nonsuit, whenever it could be done. His lordship first overruled it in the case of Harris vs. Oke, in 1759, cited at the bar from Buller’s Nisi Prius, 139. And it was then his opinion, that where the evidence was sufficient to support the action on a general count, supposing no special agreement laid, the plaintiff might recover on such general count, although there were a special agreement laid, whether the plaintiff attempted to prove it or not.
Afterwards, in 1781, the case of Payne & al. vs. Bacomb (3) came before the whole Court. Ashurst, J., adhered to the old rule, and had directed a nonsuit; but it was set aside, and a new trial ordered. Certainly the modern practice is least expensive to the parties, and most agreeable to the justice of the case, and no inconvenience can result from it; for a judgment on the general count would be a bar to an action on the special agreement. Accordingly, Espinasse, in his Digest, 140., considers the modern practice as settled, notwithstanding the former contrary resolutions.
The judgment must be reversed; but as we know not whether the evidence offered by the plaintiff would support the general count, a new trial must be granted, and let it be had at the bar of this Court. r , ,

Judgment reversed.

That a Court of error may award a venire facias de nova, when necessary to do justice between the parties, vide Grant vs. Astle, Doug. 731., and Davis vs. Pierce & al. 2 D. & E. 125.

 1 Strange, 648.

 Doug. 651.