## JOHN MORRIS *vs.* DAVID BURTON, surviving partner of D. & D. BURTON.

Where the plaintiff counts generally and also specially, and fails to prove *the special contract*, he may recover on the common counts. But if he prove a *different special contract* he can recover neither on the special nor general counts.

CAPIAS CASE. The declaration contained a special count on an agreement by defendants to take the plaintiff's son into their employment for one month, at five dollars wages, with meat, drink, &c., and then to take him as an apprentice to the trade of *tanning and currying.* There were other counts for work and labor, &c. The breaches assigned were that defendants would not execute the indentures; did not pay, &c. &c.

The boy went into the service of defendants and continued about a year at the tanning and currying business, when he was turned off. One witness proved that the defendants agreed to take the boy as an apprentice to the *currying* and *finishing business,* which is distinct from tanning; another, that they had agreed to take him as an apprentice generally.

The plaintiff having closed,

*Mr. Houston,* for defendants, moved a nonsuit, on the ground of a variance; the plaintiff having proved a different contract from the one declared on.

*Houston.*—The first and second counts are on an express contract to learn the art of tanning and currying; the proof is of a contract to learn the business of currying and finishing, and the witness proves that these are distinct trades.

The plaintiff has then proved *a* special agreement, but a different agreement from the one declared on. He cannot recover on the special counts because of the variance; and he cannot recover on the common counts because he has proved *a* special contract. The only case in which the party can recover under his general counts, is after having failed to prove any special contract; for the presumption then is that there was none. But if he proves any special contract he must recover on it and cannot recover out of it. (1 *Leigh N. P.* 77; *Bull. N. P.* 139; 2 *Stark. Ev.* 96, *n.* 1; 18 *Johns. Rep.* 546; 2 *Harr. Rep.* 484, *Porter* vs. *Beltzhoover.*)

*Cullen* and *Ridgely* contra, cited 1 *Ch. Plead.* 299, 8 *n.*; 10 *Johns. Rep.* 35-6; 5 *Mass. Rep.* 391; 17 *Eng. C. Law Rep.* 19; 7 *Johns. Rep.* 132.)

*The Court.*—The motion for a nonsuit is founded on the assumption of the fact, that a different special agreement has been proved from the one declared on; and it is contended, that the plaintiff cannot recover on the special count because of the variance, nor on the common counts, because *a* special agreement is proved.

Where the plaintiff declares on a special contract and fails to prove any contract, but proves such facts as would enable him to recover without any special agreement, he may recover on the general counts; but where he fails to prove the special contract declared on, but does prove a different special agreement he cannot, according to the older cases and authorities, and also 'the case of *Porter* vs. *Beltzhoover,* which follows these decisions, recover either on the special count, because of the variance, or on the common counts, because of the proof of a special agreement. Some of the later authorities, particularly the case cited from 5 *Mass. Rep.* 391, hold the contrary.

In the present case the proof of service is nearly all of it under neither of the special agreements; that laid, or that proved. The agreement laid was for the hire of the boy, one month at $5, and for the binding the boy at the expiration of that month to learn the tanning business; the agreement proved is either that, or an agreement

like it for binding to the currying business. The proof is that the boy was not bound at the end of the month, but continued to do work and labor for a whole year. We think it competent for him to recover for this labor performed out of the contract, on the common counts for work and labor; and even as to the proof of the special contract, it is such as would prevent us from interfering on the ground of variance.

The plaintiff had a verdict for $58.

*Cullen* and *Ridgely*, for plaintiff.
*Houston*, for defendants.

