HOLDEN STEAM MILL COMPANY *vs.* WILLIAM H. WESTERVELT *et al.* and trustee.

Penobscot. Decided December 20, 1877.

*Evidence.*

In an action for goods furnished under an express contract it is not competent for the plaintiff to abandon such contract so long as it remains in force and recover on an implied one.

If the plaintiff elects to proceed on the common counts, the written contract

being admitted, he must produce it, or prove its contents by competent testimony, in order to show that it has been fulfilled on his part, or that a departure from its terms was without intention on his part or by consent of the defendant, and that the defendant has received some benefit. Until it is proved no recovery can be had.

ON EXCEPTIONS.

ASSUMPSIT for a balance due on shooks, furnished under a written contract, not produced at the trial nor its absence accounted for or waived, $465.20.

The verdict was for the plaintiffs, for the amount claimed ; and the defendants alleged exceptions.

*A. W. Paine*, for the defendants.

*C. N. Hersey*, for the plaintiffs.

DANFORTH, J. The writ in this case contains three counts, 1st, on a special contract for the sale and delivery to the defendants of a certain quantity of fruit box shooks; 2d, account annexed ; 3d, *quantum meruit*. The case finds that all the counts are for the same cause of action, for shooks furnished under one and the same contract. It further appears that the contract was reduced to writing in three parts, each of which was signed by both parties. The plaintiffs had one, the defendants one, and the other was delivered to the broker. The writing was not produced by either party. The plaintiffs offered some proof of the loss of their part, and then proposed to prove its contents. This was not permitted by the court and such ruling was clearly unobjectionable ; for though one copy might be lost parol proof of its contents would not be admissible until the absence of the other parts were duly accounted for. *Poignard* v. *Smith*, 8 Pick. 272, 278. *Dyer* v. *Fredericks*, 63 Maine, 173, 592. There was therefore no proof of the express contract and the court ruled that the action could not be sustained under the first count.

The plaintiffs then proved under the second and third counts, "that after the execution of the contract they proceeded to furnish shooks ; that the quantity sued for had been furnished, and the value of the same; that a large part of the amount due had been paid, leaving a balance due with interest $2,579.75, which they

claimed to recover." This evidence was objected to by the defendants, but received, the court at the same time "excluding all evidence of the terms of the written contract at the defendants' instance." Some further testimony having been introduced by each party in relation to the quality and value of the shooks, the jury were instructed to return "a verdict for the plaintiffs for the shooks delivered at their fair market price; if they were of inferior quality, at their actual value."

If the testimony objected to and received, was legally admissible, the instruction to the jury was right, as there was no testimony in the case upon which the jury could fix the amount of their verdict except that which shew the market price, or actual value of the shooks delivered. Hence the admissibility of the testimony objected to is the real question involved in these exceptions. We think the testimony should have been excluded. Under the written contract it was plainly incompetent for the reason already referred to that no sufficient foundation had been laid for the admission of secondary evidence, and for the additional reason that it did not purport to give the terms or conditions of the contract as it was made by the parties. Under well settled rules of law, the writing was the only legal evidence of the contract, and by rules of law equally well settled, parties must abide by the contract made, unless waived by the same authority which made it. There is no pretense here that the defendants intended to waive their rights under the agreement entered into by them, nor do we see any evidence from which an inference can be drawn, that they have legally become liable under any contract different from that shown by the writing. Yet by the evidence received and the consequent ruling they are made liable under an implied contract for the market price or actual value of the shooks delivered, when in fact the contract was an express one and as appears for a specified price. How far in other respects the two contracts may have differed does not appear, nor is it material for the difference which is apparent is sufficient, and even if none were apparent the defendants had a right to the legal proof of all the terms of their agreement. It is said the defendants should have produced the part in their hands and thus

availed themselves of its provisions. It is true they might have done so if it was still in their possession, and it may perhaps be difficult to give any good reason why they did not. But as their reason for withholding it is not apparent, we need not inquire into its propriety. It is enough that they were not bound legally to produce it even if they had it, which does not appear. The plaintiffs are bound to make out their case by the proper testimony, and where the admission is made that the goods were delivered under an express contract in writing, it is sufficient to compel the production of the writing or legally account for its absence. But for this admission it would undoubtedly have been necessary for the defendants to prove the fact, otherwise the recovery of the plaintiffs would have been proper. Without this material fact the plaintiffs' testimony was proper and adapted to, and sufficient under the common counts; with it, for the reasons already given, it became incompetent and insufficient.

It is undoubtedly true as a general proposition that a plaintiff presenting his case with several different causes of action, or the same cause in different forms, failing to sustain one count may recover upon any other in his writ to which his testimony may be adapted and sufficient. But it can hardly be said that testimony is properly adapted to sustain an implied contract when all the acts proved by it are shown by the same or part of the same testimony to have been done under an express contract. When the express contract is shown, it follows, as one of the fundamental principles of the law, that none can be implied. Broom's Legal Maxims, 7 Am. ed. 651.

Nor can the acceptance of the shooks by the defendants, if any were proved, be taken as a waiver on their part of their rights under the express contract. The jury were instructed that they might return a verdict for such as were delivered. It does not appear that the delivery was to the defendants in person. They were shipped to a foreign country, but by whom received, by what authority, or under what circumstances the case does not show. It does not appear that the delivery was to any one having knowledge of the terms of the contract. Besides if a waiver is claimed, whether there is such, is a question for the jury.

It is true, as contended, that in certain cases a recovery may be had under the common counts for the price of goods sold under an express agreement. But this can only be done when the plaintiff has fully executed the agreement on his part and nothing remains for the defendant but the payment of the price in money. In such cases the obligation resting by virtue of the contract, upon the plaintiff, is a condition precedent, and until it is performed he can have no claim upon the other party for the stipulated price. 1 Chitty on Pleading, 340. *Bank of Columbia* v. *Patterson*, 7 Cranch, 299. *Canal Co.* v. *Knapp*, 9 Pet. 541, 566. *Richardson* v. *Smith*, 8 Johns. 439. *Raymond* v. *Bearnard*, 12 id. 274. *Morse* v. *Potter*, 4 Gray, 292. *Marshall* v. *Jones*, 11 Maine, 54–7. These and other similar cases are authority as to the form of action only and not as to the nature of the testimony. That must be the same whichever form is chosen. It could not be otherwise; for in either case the contract is the foundation of the action and is the only proof by which it can be sustained. It is only from that, that we can ascertain the plaintiff's obligation, so that we may know whether it has been fulfilled.

There is another class of cases, quite numerous, in which the plaintiff is permitted to recover under the proper common count, for services rendered, or goods furnished under a special contract. 1 Chitty on Pleading, 340. 2 Green, En. § 104. *Keyes* v. *Stone*, 5 Mass. 391. *Jewett* v. *Weston*, 11 Maine, 346. *Hayden* v. *Madison*, 7 id. 76. *White* v. *Oliver*, 36 id. 92. *Veazie* v. *Bangor*, 51 id. 509. *Linningdale* v. *Livingston*, 10 Johns. 36. *Hayward* v. *Leonard*, 7 Pick. 181. *Snow* v. *Ware*, 13 Met. 42. *Gleason* v. *Smith*, 9 Cush. 484. *Bassett* v. *Sanborn*, id. 58. *Veazie* v. *Hosmer*, 11 Gray, 396. *Bee Printing Co.* v. *Hichborn*, 4 Allen, 63. *Cardell* v. *Bridge*, 9 id. 355. *Thompson* v. *Purcell*, 10 id. 426.

Though these cases relax somewhat the rigid rule of holding the plaintiff to the exact fulfillment of his part of the contract before he can recover, yet none of them go so far as to permit him to abandon it without the consent of the other party. On the other hand, all of them hold him to it upon the question of

damages and make, as in the other cases, the contract the foundation of the action and put upon him the burden of showing some good reason for a departure from it. The principle upon which these cases rest is well stated by Greenleaf in his work on Evidence above cited; from which it appears, that the election to sue on the common counts, where there is a special agreement, is allowable only where the contract has been fully performed by the plaintiff, or though partly performed has been either abandoned by mutual consent, or rescinded by some act of the defendant, or the work done or goods furnished were not in accordance with the contract and yet were beneficial to the defendant and accepted and enjoyed by him.

In *Jewett* v. *Weston, ubi supra,* in the opinion it is said; "It came out in evidence, that the labor was performed under a special contract, and consequently, it became necessary for the plaintiffs either to show that they had performed their contract, so that nothing remained to be done on their part; or that there had been a deviation by the assent of the defendant at the time, or subsequently assented to, either expressly or impliedly, by his acts. How could either of these alternatives be shown, except by the production of the special contract? . . . As soon as it came out in the evidence that the labor was performed under a special agreement, the defendant might securely rest, until the plaintiff had removed this obstacle in one or the other of the modes above suggested."

In *Champlin* v. *Butler,* 18 Johns. 169, 173, and in *Robertson* v. *Lynch,* id. 451, it is held that the plaintiff cannot abandon the special agreement and resort to the general counts, if the goods were, in fact, sold under the special agreement. In the latter case the court remark: "A contrary rule would enable the plaintiff, in every case, by his mere volition, to convert a special contract into a general *indebitatus assumpsit.*"

Thus it is clear, both from the authorities, as well as upon principle, that though the plaintiff may in certain cases recover under the general counts for goods furnished under an express contract, yet in all cases the contract is the foundation of the action and the burden is upon the plaintiff to show that it has been fulfilled

on his part, or if not, some good reason for his departure and a benefit received by the defendant.

In order to do this the contract is the starting point, and its existence having been shown, it must be produced, or its contents proved by competent testimony.

*Exceptions sustained.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and LIBBEY, JJ., concurred.