JAMES H. BUCK *vs.* JOHN COLLINS & others.

Kennebec. Opinion May 19, 1879.

*Evidence. Exceptions.*

In an action of debt upon a bond given to procure a *supersedeas* on a petition for review of an action of replevin, in which the title of the property replevied was in issue, evidence is not admissible on the part of the defendants that the property replevied was, with the knowledge and consent of the plaintiff, retaken while the replevin action was pending, on a replevin writ against the defendant, in favor of one under whom and as whose servant this plaintiff claimed the right of possession and for whose benefit this action is brought, in which second action of replevin the plaintiff had judgment for $1.00 damages and costs.

ON EXCEPTIONS.

DEBT on a bond, given to procure a *supersedeas* on a petition for review of an action of replevin, commenced by the defendant Collins against the plaintiff.

Plea, performance, and a brief statement of facts in mitigation of damages.

The remaining material facts are sufficiently stated in the opinion.

*O. D. Baker*, for the plaintiff.

*G. C. Vose*, for the defendants, contended that the evidence offered in mitigation of damages was admissible. Sedg. Dam. 628. *De Witt* v. *Morris*, 13 Wend. 496. *Squire* v. *Hollenback*, 9 Pick. 551. Sedg. Dam. 502, 628. *Hacker* v. *Johnson*, 66 Maine, 25. *Bartlett* v. *Kidder*, 14 Gray, 449. *Witham* v. *Witham*, 57 Maine, 447. *Ware R. R.* v. *Vibbard*, 114 Mass.

458. *Davis* v. *Harding*, 3 Allen, 302.    *Conroy* v. *Flint*, 5 Cal. 327.

BARROWS, J. Defendants complain because they were not permitted, in the trial of this action on a bond given by them to procure a *supersedeas* in a petition for review of an action of replevin commenced by Collins against the plaintiff, to prove, in mitigation of damages, that the bark replevied in that action was, with the knowledge and consent of this plaintiff, retaken June 11, 1872, on a replevin writ against Collins in favor of one Edson, under whom and as whose servant this plaintiff claimed the right of possession, and for whose benefit the plaintiff himself testifies this suit is brought, in which action of replevin Edson's administrator had judgment for $1.00 damages and costs.

The defendants' bond here sued is conditioned, among other things, for the payment (in case Collins' petition for review should be denied or final judgment should be against him) of such sum as this plaintiff would have been entitled to recover on the bond in replevin had no stay of proceedings been asked for.

The question is whether the defendants' proffered evidence would have been relevant in a suit upon the replevin bond.

It is to be observed that that which they propose to prove occurred before the entry of judgment in the replevin suit of *Collins* v. *Buck*, where Buck had judgment for a return of the bark.

The statute rule of damages for non-return, which applies in ordinary cases where the property belongs to the defendant in replevin or he is liable to third persons as its custodian, is the value of the goods and damages for their detention, fixed in certain cases at not less than twelve per cent by the year on such value. R. S., c. 96, §§ 12, 18. *Farnham* v. *Moor*, 21 Maine, 508. *Smith* v. *Dillingham*, 33 Maine, 384.

In suits upon replevin bonds, as remarked by Mellen, C. J., in *Pettygrove* v. *Hoyt*, 11 Maine, 66, " the sureties are bound to perform what the principal was adjudged to perform, or must pay damages as an equivalent for performance." Accordingly, when upon a surceasing of his suit by the plaintiff in replevin before

entry and judgment for defendant for costs only, on a complaint, and the costs were paid, the court held that, there being no judgment for a return, the action on the bond was not maintainable. *Pettygrove* v. *Hoyt, ubi supra.*

Where there is an order for a return, how shall the damages, which are to be an equivalent for the performance of the order, be measured?

If the order was never made except in cases where it has been ascertained in the replevin suit that the defendant in replevin is the owner of the goods, or liable to third parties for their value, it would seem that upon familiar principles as to the conclusiveness of judgments the signers of the bond would be precluded from setting up anything that occurred before the entry of the judgment in the replevin suit, even in mitigation of damages, that would reduce them below the value of the goods and interest, unless in cases where they were excused because the act of God had made the performance of the order for return impossible. However the decisions as to the effect of a judgment against a principal in charging a surety in other instances where that relation exists may differ, " it is generally conceded that wherever the surety has contracted in reference to the conduct of one of the parties in some suit or proceeding in the courts, he is concluded by the judgment." Freem. Judg., § 180, and cases there cited.

The authorities agree also in holding that in suits upon replevin bonds, where the right of property has been determined in the progress of the replevin suit, that question cannot be opened anew in the suit on the replevin bond.

Even the cases which go furthest in letting in evidence to mitigate the damages in suits on replevin bonds, where there has been an order for a return and no restitution, like *Davis* v. *Harding*, 3 Allen, 302, *Bartlett* v. *Kidder*, 14 Gray, 449, (cited with approval in *Witham* v. *Witham*, 57 Maine, 447, and *Hacker* v. *Johnson*, 66 Maine, 26) and *Leonard* v. *Whitney*, 109 Mass. 265, all recognize this doctrine in set terms.

The difficulty of determining where the doctrine of estoppel by the former judgment ought to apply, arises from the fact that a return is oftentimes ordered in replevin suits where the question

of property was not in issue and has not been determined at all, or where the defendant is not the sole owner nor liable to third parties for the whole value of the goods.

We see no objection to permitting the defendants in a suit of this nature to show anything in mitigation of damages not necessarily inconsistent with the judgment in the replevin suit, which could not have been presented therein as a valid reason for denying the order for a return, but which tends to show that full indemnity will be given to the obligee in such bond by the payment of a less sum than the value of the goods and interest, because of the limited interest of the obligee in the property, or because the question of property was not passed upon or not determined on the merits in the first suit.

In going so far we do not deviate from the principles which sustain and regulate the wholesome doctrine of estoppels by judgment; and we believe no case in this state has ever gone beyond this, unless the cases in which the death of animals during the pendency of the suit in which they were replevied, without the fault of the plaintiff in replevin, was allowed to be shown in mitigation of damages in the suit on the replevin bond, are to be so regarded.

Such proof was allowed in *Melvin* v. *Winslow*, 11 Maine, 397, and *Walker* v. *Osgood*, 53 Maine, 422. These decisions were based on the fundamental legal principle, " *Actus Dei nemini facit injuriam*," a legitimate corollary of which is that where the performance of a contract depends on the continued existence of a certain person or creature, a condition is implied that the impossibility arising from the perishing of the person or creature, without the fault of the obligors or advantage derived by them therefrom, shall excuse the performance.

In these cases the judgment is not impugned, but its effect is avoided upon an independent ground.

But we think if we suffered matters which might have been shown in evidence before judgment for a return was entered up in the replevin suit, and which, if then proved, would have sufficed to prevent an order for a return, to be put in evidence in the suit on the bond to destroy the effect of the order, we should dis-

regard well settled principles as to the conclusiveness of judgments. It is quite true that a judgment will not operate as an estoppel unless it is a judgment "on the merits." But we must regard a judgment as rendered " on the merits " if " the status of the action was such that the parties might have had their lawsuit disposed of according to their respective rights if they had presented all the evidence, and the court had properly understood the facts and correctly applied the law." Freem. Judg., § 260, and cases there cited. Applying the doctrine to cases of this description, if the pleadings are such that no order for a return to the defendant in replevin would have been made, provided the testimony which the obligors in the bond now offer had been presented, then the judgment for a return must be deemed conclusive, and the evidence which is now offered to show that the obligee is entitled to no damages for the non-compliance with the order is not admissible.

In the case at bar Buck justified in the replevin suit as the servant of Edson, and the question litigated was Collins' title as against him. See *Collins* v. *Buck,* 63 Maine, 460. Can it be doubted that if it had been proved that, pending that suit, the property replevied had been returned to Edson, (which is what the evidence offered by these defendants tends to show) the judgment in the replevin suit would have been that as it appeared that the property had been already returned to the owner, no return to his servant was required or could be made, and judgment should be rendered for costs only ?

The authorities cited by plaintiff's counsel establish the doctrine that the plea of *res judicata* applies, except in special cases, not only to the points upon which the court was required by the parties to form an opinion and pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties exercising reasonable diligence might have brought forward at the time.

And it is well settled that, where the evidence offered in the second case was admissible under the pleadings in the first, and necessarily enough to secure a judgment in the first, then the first judgment is a bar.

The point is, not that the judgment for the return is necessarily conclusive as to the amount of damages for non-compliance with it, but that no evidence shall be received upon the question of damages which impeaches the judgment for a return, and which, so far as it tends to affect the damages, shows also that there should have been no judgment for a return.

The evidence was rightly excluded. It was doubtless this precise difficulty which led the able counsel for the defendants to make the petition for review in which this bond was given. And this leads us to notice another matter which would be fatal to the defendants' exceptions.

The defendants must show that they were aggrieved by the exclusion of the evidence. In connection with the record in Edson's suit their counsel offered to prove the naked fact that the bark was retaken by Edson and received by him in like good order and condition as when taken on the writ in *Collins* v. *Buck.* But he prudently refrained from offering to prove that this was the end of the various captions and recaptions to which the bark was subjected in the fervor of litigation, or that the bark or its proceeds were ultimately in any way restored to the owner by Collins. We are left to infer that, even if they were disputable questions, the judgment for a return in *Collins* v. *Buck* and the refusal to review that action were both well justified, in morals as well as in law, by ulterior proceedings, in the course and disposition of which this bond remained as the final security upon which the owner of the bark must depend for indemnity.

At all events, when an offer is made to prove a certain state of facts, including a piece of testimony presented, the offer should be made broad enough to cover all that is necessary to maintain the issue on the part of the party making it.

That which alone could be expected to avail the defendants here in mitigation was that Edson, and not Collins, had finally had the bark or its proceeds, and that proposition the defendants did not undertake to establish. In that condition of things how can we say that they are aggrieved by the exclusion of evidence which tends to support the proposition to be sure, but

which their cautiously circumscribed offer seems to imply may be refuted or controlled by some other existing fact.

*Exceptions overruled.*

APPLETON, C. J., WALTON and VIRGIN, JJ., concurred.

LIBBEY, J, having been of counsel, did not sit.