PATRICK BRADY *vs.* LUDLOW MANUFACTURING COMPANY.

Hampden.     September 22, 1891. — October 24, 1891.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Personal Injuries — Master and Servant — Employers' Liability Act — Negligence — Election.*

An employer is not liable, either at common law or under the St. of 1887, c. 270, for personal injuries occasioned to an employee by reason of a defect in a machine or appliance, or of the employer's failure to instruct him respecting his duties, if the only defect relied on had no connection with the accident, and there was no defect or danger of which it was the employer's duty to warn the employee, or any particular in which the employee should have been instructed.

At the trial of an action against an employer for personal injuries sustained by an employee, in which the declaration contains counts at common law and under the employer's liability act, presenting different issues and involving different liabilities in damages, it is within the discretion of the presiding judge to require the plaintiff to elect whether he will go to the jury on the counts at common law, or on those framed upon the statute.

TORT, for personal injuries occasioned to the plaintiff while in the defendant's employ. The declaration, which was in four counts, alleged that the plaintiff while in the exercise of due care was injured in the defendant's factory; the first count, which was at common law, alleged that he was injured by a failure of the defendant to give him sufficient instructions as to his duties, and to notify him of the dangers and perils incident thereto;

the second, which was framed on the St. of 1887, c. 270, § 1, cl. 1, alleged that he was injured by the failure of the defendant, or of some person in his service intrusted with that duty, to keep the ways, works, and machinery in proper condition; the third, which was framed on the St. of 1887, c. 270, § 1, cl. 2, alleged that he was injured by the negligence of some person in the defendant's service intrusted with and exercising superintendence, and whose sole and separate duty was that of superintendence; and the fourth, which was also at common law, alleged that he was injured by the defendant's failure to furnish suitable machinery and appliances for the prosecution of the plaintiff's work as an employee, and negligence in not keeping them in good repair and condition.

At the trial in the Superior Court, before *Mason*, C. J., there was evidence that the plaintiff, who was at the time of the accident seventeen years and eleven months old, was employed at that time, and had been thus employed for some seven or eight weeks, upon a carding machine in the defendant's factory; that upon the side of this machine, in plain sight, were about eighteen gears of various sizes, moving in different directions, and some of them revolving very rapidly; that enclosing this machine, and at a distance of about five inches therefrom, was an iron fence made of light iron rods and bars, which covered the gears, and was so constructed that one half of it formed a gate; that this gate was made to swing automatically, and when closed rested upon a tongue or dog projecting from the side of the machine, and was secured by the bottom rail of the gate resting in a slot or groove near the end of this tongue; that it was the safer way thus to have the gate shut automatically; that waste material would accumulate both under and over the gears of this machine, and it was a part of the plaintiff's duty to remove this waste, and he had been instructed by the defendant's foreman to do so when the machine was in motion; and that just before the accident, and shortly after eight o'clock in the morning, the plaintiff, in order to remove waste from the machine, opened the gate and stood in the gap thus formed, as it was necessary to do, and while thus at work was struck in the back by the gate as it swung to, and was pushed or fell forward upon the machine, and was caught by the gears and seriously injured.

The only defect relied on by the plaintiff was the defective condition of the gate in this, that when the gate came to, instead of the bottom rail sliding upon the tongue and falling into the slot and there remaining, it would strike against the end of the tongue and there remain only until the vibration of the machinery caused it to rebound, when it would stand open a foot or two ; or if the bottom rail did slide into the slot, it would not remain fastened there, but the jar of the machinery would dislodge it and cause it thus to stand open unless moved by hand. The plaintiff, in describing the accident, testified that in freeing the gears from waste he stepped " between the fence and the machine, and put my arm in and pulled the waste away. There was more waste there than usual. As I was doing this, the gate slammed on me and knocked me in between the gears. I had both hands on the waste, trying to release it. I was there about a minute before I got caught."

On cross-examination, the plaintiff admitted that he could see well enough at the time he was injured ; that he could see the gears plainly, and saw they were running, and could see where he put his hand ; that he knew the gate was standing open, and no one swung it on to him, but he thought he hit the gate with his back as he was getting up, after taking the waste from underneath the gears, when he had to go down on his knees and was getting up to take the waste from the top of the gears. He testified, " I know I must have touched it when getting up." He also testified that he knew that if he got caught in the gears he should get hurt, and that he " did not need any instructions about that."

At the conclusion of the evidence, the judge, at the defendant's request, ruled that the plaintiff must elect to proceed under the first and fourth counts, or, the third count having been waived, under the second count ; and the plaintiff excepted. The plaintiff elected to go to the jury on the first and fourth counts, and the judge thereupon, at the defendant's request, ruled that the evidence was not sufficient to go to the jury, and ordered a verdict for the defendant ; and the plaintiff alleged exceptions.

*J. B. Carroll*, for the plaintiff.

*G. D. Robinson & F. H. Gillett*, for the defendant.

KNOWLTON, J.   The only defect relied upon by the plaintiff in this case was an alleged defective condition of the gate.   No claim was made on account of the gears, and it was admitted by the plaintiff that he understood the danger of injury from them, and that he needed no instructions about them.

The defect in the gate was, that when swung together it would not catch on the fastening, and if fastened would not stay so, but would stand a little way open.   There was no contention that the gate was defective in any other particular.   It was designed to close automatically, and the undisputed testimony of witnesses for the plaintiff and for the defendant was that this was the best mode of construction for the use for which it was designed.   It was not a heavy gate, but was made of light iron rods, and the evidence tended to show that it would remain at rest when partly open, unless something came in contact with it and moved it.   The accident seems to have been caused by the plaintiff's hitting the gate when he was getting up to take the waste from the top of the gears.   He said in testifying, " I know I must have touched it when getting up." It was necessary to have the gate open when the gears were being cleaned.   Upon the undisputed facts, there was no defect or danger of which it was the defendant's duty to warn the plaintiff, or any particular in which the plaintiff should have been instructed.   He understood the dangers involved in cleaning the gears as well as anybody, and the defendant had no reason to fear an accident, except from causes which were obvious to the plaintiff.   There was no evidence to warrant a verdict for the plaintiff on the first count.   *Ciriack* v. *Merchants' Woolen Co.* 146 Mass. 182.   *Crowley* v. *Pacific Mills*, 148 Mass. 228.   *Probert* v. *Phipps*, 149 Mass. 258, 260.

The fourth count is founded on the alleged defect in the gate. But the defect had no connection with the accident.   If the device for fastening the gate had worked perfectly, it would have made no difference to the plaintiff, for he could not clean the gears without keeping the gate open.   There was no evidence that he was injured by reason of any defect or want of repair in the defendant's machinery or appliances.

We are of opinion that it was within the discretion of the presiding judge to order the plaintiff to elect whether he would

go to the jury in that trial on the counts at common law, or on those founded upon the statute. In some cases a jury may be able to deal with different counts, founded on the same facts, presenting different issues, and involving different liabilities in damages, at the same time without great difficulty, and it may be just to both parties to submit them to the jury together. In other cases, the presiding judge may see that such a mode of trial would be likely to lead to confusion, and to prevent the jury from reaching a correct result. Much must be left to the discretion of the presiding judge in determining what is conducive to an orderly trial and an intelligent verdict.

In the present case, the reasons that required a verdict for the defendant under the first and fourth counts apply equally to the second and third; so that the plaintiff would not have been injured by the ruling requiring him to elect, if it had been unwarranted in law.          *Exceptions overruled.*