## J. R. WATKINS MEDICAL COMPANY

*vs.*

## D. O. STAHL AND W. R. WALTER.

### Lincoln.   Opinion March 15, 1918.

*Rule of practice as to presenting entire evidence when exceptions are taken to the direction of a verdict or to the granting of a nonsuit.   Rule as to liability of parties signing contract without reading same.*

Exceptions to ruling of presiding Justice ordering verdict for plaintiff.   The record fails to present the entire evidence, upon which the order of the Justice below was based, and for this reason the exceptions might well be overruled.

But so much of the evidence as the record does contain clearly shows that the defendants signed the bond on which suit was brought, that there is no sufficient proof, in the partial report of the evidence, to warrant a finding that their signatures were procured by fraud.

Action on the case against the defendants as guarantors on a written contract. At close of evidence, presiding Justice directed a verdict for plaintiff; to which ruling defendant filed exceptions. The defendants presented to the Law Court only what might be called a summary of the evidence or what was declared to be "the substance of the evidence." Exceptions overruled.

Case stated in opinion.

*Edward K. Gould*, for plaintiff.

*A. S. Littlefield*, for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, JJ.

PHILBROOK, J. This is an action against the defendants as guarantors for R. M. Stahl in a written contract of guaranty with plaintiff. The presiding Justice ordered a verdict for plaintiff and the case comes forward upon defendant's exceptions to this ruling.

The record presents what is declared to be "the substance of the evidence in the case so far as it affects the question of liability, and the instructed verdict, and is to be taken as the evidence."

We have recently and frequently held that when a verdict is directed, and exceptions are taken, all of the evidence necessarily becomes a part of the case on exceptions, whether it is mentioned in the bill of exceptions or not. Such a ruling is based upon the entire evidence and will stand unless it is shown to be erroneous. The burden is on the excepting party to show that it is erroneous and that he is aggrieved. And it cannot be determined without an examination of all the evidence for it may be that the errors complained of are cured, or the omission supplied, by the evidence omitted in making up the case. *People's National Bank* v. *Nickerson*, 108 Maine, 341; *Austin* v. *Baker*, 112 Maine, 267. For this reason we should be amply justified in overruling the exceptions.

But an examination of so much of the evidence as is before us seems to amply justify the order of the presiding Justice which is complained of. These defendants signed a written contract of guaranty. They say that a letter from the plaintiffs, received before the contract was signed, which letter had been lost before trial, and no notice given to plaintiff to produce a copy if in the possession of the latter, had misled them as to the contents of the contract. But they say they signed the contract without even once reading it. If so, such conduct is folly on the part of the defendants and not fraud on the part of the plaintiff. *Maine M. M. Ins. Co.* v. *Hodgkins*, 66 Maine, 109. When a person signs a written contract he is presumed, by the ordinary rules of law, to know its contents, whether read or not. *Great Northern Mfg. Co.* v. *Brown*, 113 Maine, 51. There is no sufficient evidence in the partial report of the testimony furnished us to warrant a finding that the signatures of the defendants were obtained by fraud. They made the contract and must be bound by their voluntary act.

*Exceptions overruled.*