GEORGE BOUCHLES *vs.* EDWARD P. TIBBETTS.

Androscoggin.    Opinion March 15, 1918.

*Bills of exceptions.    Necessity of full and complete record of evidence when exceptions*
*are filed, either to refusal to grant a nonsuit or direct a verdict.*

Exceptions to refusal of presiding Justice to direct a verdict for defendant.    The
record contains only the declaration and the bill of exceptions.    No part of the
testimony is presented.

*Held:*

1.   When a nonsuit is ordered or a verdict is directed and exceptions are taken, all
of the evidence necessarily becomes a part of the case on exceptions, whether it
is mentioned in the bill of exceptions or not.    Such a ruling is based upon the
entire evidence and will stand, unless it is shown to be erroneous.    The burden
is on the excepting party to show that it is erroneous and that he is aggrieved,
and it cannot be determined to be erroneous without an examination of all the
evidence; for it may be that the errors complained of are cured, or the omission
supplied, by the evidence omitted in making up the case.

Action of deceit.    Defendant filed plea of general issue.    At close
of evidence defendant filed motion asking presiding Justice to direct
verdict for defendant, on the ground that the plaintiff's action should
sound in contract rather than tort.    Presiding Justice overruled the
motion; to which ruling defendant filed exceptions.    Exceptions
overruled.

Case stated in opinion.

*Harry Manser*, for plaintiff.

*George S. McCarty*, for defendant.

SITTING:  CORNISH, C. J., SPEAR, KING, BIRD, HANSON,
PHILBROOK, JJ.

PHILBROOK, J.    This is an action of deceit tried in the Superior
Court for Androscoggin County.    After all the evidence had been
offered, and at the conclusion of the evidence, the defendant moved
that the presiding Justice order a verdict for the defendant on the

ground that the action should have been in contract rather than in tort. The presiding Justice refused to grant the motion, to which refusal the defendant seasonably excepted and the exception was allowed. The case is before us solely upon that exception.

The record contains only the declaration and the bill of exceptions. No word of the testimony or charge of the presiding Justice is to be found in the record.

In *People's National Bank* v. *Nickerson,* 108 Maine, 341, the court said, "When a nonsuit is ordered, or a verdict is directed, and exceptions are taken, all of the evidence necessarily becomes a part of the case on exceptions, whether it is mentioned in the bill of exceptions or not. Such a ruling is based upon the entire evidence, and will stand unless it is shown to be erroneous. The burden is on the excepting party to show that it is erroneous, and that he is aggrieved. And it cannot be determined to be erroneous without an examination of all the evidence. For it may be that the errors complained of are cured, or the omission supplied, by the evidence omitted in making up the case."

Again, in *Austin* v. *Baker,* 112 Maine, 267, the court said "When exceptions are taken to an order of nonsuit, or to the direction of a verdict, all of the evidence necessarily becomes a part of the case."

In the former case, just cited, a verdict was ordered, in the latter a nonsuit was directed. In the case at bar the presiding Justice declined to order a verdict, after hearing all the evidence, and we think the same rule may be well applied here as in the other two cases which state the settled law in this jurisdiction. Even if it be conceded that one allegation in the declaration did not set forth an action of tort, yet others did, and for all the present record discloses the testimony and the charge of the presiding Justice may have warranted the verdict rendered by the jury.

*Exceptions overruled.*