° FRANK S. SAWYER *vs.* LEONARD R. HILLGROVE.

Penobscot.     Opinion June 26, 1929.

*Clinton C. Stevens,* for plaintiff.
*Ryder & Simpson,*
*Daniel Hurley,* for defendant.

SITTING: WILSON, C. J., DUNN, DEASY, BARNES, BASSETT, PAT-
TANGALL, JJ.

PATTANGALL, J. Exceptions. Assumpsit on two counts; ac-
count annexed and claim for damages for breach of contract. Writ
dated April 20, 1928. Plea general issue and statute of limitations.
Directed verdict for defendant. Exceptions relate to the exclusion
of certain evidence, both documentary and oral; to the exclusion
of plaintiff's affidavit under the provisions of Sec. 127 of Chap. 87,
R. S., 1916, as amended by Chap. 96, P. L. of 1925; to the ruling
of the court compelling plaintiff, at the close of his evidence, to
elect upon which count he relied; and to the direction of a verdict
against him.

In September, 1919, defendant contracted in writing to sell and
deliver to plaintiff one thousand cords of pulp wood, final delivery
to be completed in the spring of 1920. Plaintiff agreed to purchase
the same and to pay therefor fifteen dollars per cord for peeled
wood and twelve dollars per cord for rough wood. There was de-
livered, under this contract, wood of the value of $6,979.66, the
last delivery being on October 20, 1920, and plaintiff paid therefor
$7,200, the last payment being made on April 28, 1920, in addition
to which, in the fall of 1919, he paid out $7.75 in expenses properly
chargeable to defendant. Notwithstanding that defendant had been
overpaid for the wood delivered by him, he failed to make further
deliveries. These facts were properly set forth in the second count
of the plaintiff's writ and were substantiated in evidence.

The original agreement between the parties had been lost or
destroyed and plaintiff sought to supply its place by offering
another document which he claimed was jointly dictated by the

defendant and himself to an attorney acting for both of them, on October 1, 1920, and which purported to recite the terms of the original contract. This latter agreement was never signed by either party. The sole purpose which it could have served would have been to prove the terms of the earlier agreement. It was excluded and the first exception is as to its exclusion.

Assuming that it may have been admissible as proof of an admission on defendant's part of the existence and terms of the original contract, plaintiff was not aggrieved by its exclusion. He was permitted to refresh his memory by examining it and testified to its contents, in so far as they were related to the matters in issue. He proved the original contract by his uncontradicted testimony and proved it in accordance with his declaration. True, he had the right to support his testimony with any competent corroborating evidence but his statement not having been attacked, he suffered no loss by the ruling.

Further than that, the breach of contract of which he complained occurred in 1920. Recovery of damages therefor was obviously barred by the statute of limitations. There is nothing in the evidence to indicate that the excluded document affected this situation. "Plaintiff is not aggrieved by the exclusion of evidence, which, even if admissible, would not affect the result of the case." *Look* v. *Norton*, 94 Me., 547; *Freeman* v. *Dodge*, 98 Me., 531; *Merrill* v. *Milliken*, 101 Me., 50.

In addition to the above reasons which seem sufficient warrant for overruling this exception, the question sought to be raised is not properly before us. The document in question is not made a part of the bill of exceptions by direct quotation, nor is it incorporated therein by reference. It did not become a part of the evidence. It is not, therefore, included in the blanket clause which made the evidence in the case a part of the bill. It is the well settled rule in this state, too well settled to be now shaken, that the excepting party in his bill of exceptions must set forth enough to enable the court to determine that the point raised is material and that the ruling excepted to is both erroneous and prejudicial, or he can take nothing by his exceptions. *Doylestown Agricultural Company* v. *Brackett, Shaw & Lunt Company*, 109 Me., 301; *Copeland* v. *Hewett*, 96 Me., 525; *Lenfest* v. *Robbins*, 101 Me., 176. Plaintiff

should have incorporated the excluded exhibit in his bill if he desired this court to pass on its admissibility.

The second, third and fourth exceptions relate to the exclusion of certain conversations alleged to have occurred between plaintiff and defendant relative to the purchase by defendant of a certain automobile. The last debit item in plaintiff's account annexed, with the exception of charges for interest and a charge of "Amount due on contract, $8,360.08," and the only item which did not show on its face that it was barred by the statute of limitations, was a charge for "an automobile, sold and delivered, $1,920," under date of May 3, 1922.

The last credit item, and the only one within the statute, was "wood delivered on auto 125 cords, $1,500" under the date,"1922."

Defendant, in cross examination of plaintiff, brought out the fact that, on May 3, 1922, Frank S. Sawyer Co., a corporation of which plaintiff was president, by written bill of sale signed by plaintiff as president of the corporation, conveyed to defendant an automobile, admitted to be the same automobile charged for in this account, for $1,920 and that on the same day defendant contracted in writing to deliver to the Frank S. Sawyer Co. 150 cords of rough pulp wood at $12 per cord and eight cords of peeled pulp wood at $15 per cord. The automobile was delivered to the defendant and a part, if not all, of the wood was delivered to the corporation. After the documentary evidence relative to the automobile had been introduced, plaintiff offered evidence of a conversation on May 3, 1922, between himself and defendant, regarding the automobile. This was excluded. He was then asked whether or not defendant made a proposition to purchase the automobile in question from plaintiff. This also was excluded. He was then asked if he, plaintiff, owned the automobile in question. This was excluded. Exceptions were taken to these various rulings.

In plaintiff's brief it is urged that the testimony sought to be introduced would have sustained the proposition that plaintiff and defendant agreed that the automobile and pulp wood which was to be received in pay therefor were to be entered upon both sides of the account then existing between them.

There is nothing in the record to warrant the assumption that any such evidence as that suggested in the brief would have been forthcoming.

In order to sustain an exception to a ruling excluding a conversation, the exceptions must disclose what the conversation was. *Johnson v. Day*, 78 Me., 224; *Doylestown Agricultural Company v. Brackett, Shaw & Lunt Company*, supra.

But these exceptions fail on broader grounds. The bill of sale from the corporation to defendant, supplemented by the agreement on defendant's part to furnish sufficient pulp wood to the corporation to pay it for the automobile, constitute, taken together, a complete contract, in writing, under seal, between the parties thereto.

To permit oral evidence which would entirely destroy the effect of these written instruments and substitute therefor an oral contract of sale of an automobile by this plaintiff to defendant and an oral agreement on defendant's part to pay plaintiff for the automobile by delivering to him the pulp wood which defendant had agreed to deliver the corporation would be so patent a violation of primary rules of evidence that it is difficult to believe that the proposition is seriously argued. Had the written evidence of the actual contract not existed, the oral evidence suggested might have had the desired effect of avoiding the bar of the statute of limitations as to the remainder of the account. At any rate it would have been an ingenious, if not ingenuous, attempt to accomplish that purpose. But in view of the documentary evidence, plaintiff's position would be patently fallacious even if his bill of exceptions had been so framed as to bring the question before us.

The fifth exception relates to the exclusion of the affidavit authorized by Sec. 127, Chap. 87, R. S., amended by Chap. 96, P. L., 1925.

This statute provides that "In all actions brought on an itemized account annexed to the writ, the affidavit of the plaintiff, made before a notary public using a seal, that the account upon which the action is brought is a true statement of the indebtedness existing between the parties to the suit with all proper credits given, and that the prices or items charged therein are just and reasonable, shall be *prima facie* evidence of the truth of the statement made in such affidavit, and shall entitle the plaintiff to judgment unless rebutted by competent and sufficient evidence."

The purpose of the statute which enables a plaintiff to make

out a *prima facie* case without submitting himself to cross examination has been said to be "to facilitate procedure in collection of accounts in actions of assumpsit. It applies only to actions brought on an itemized account. It is in derogation of common law and should be strictly construed. There should be no attempt to extend its terms or plain intent by judicial interpretation." *Hamilton Brown Shoe Co.* v. *McCurdy*, 124 Me., 111.

In the instant case, the affidavit was offered after the plaintiff had testified fully and after cross examination had revealed the fact that certain charges contained in his account could not be sustained.

The account annexed was made up as follows:

| 1919 | | |
|---|---|---|
| Sept. 8 | To Cash | $2,000.00 |
| Oct. 23 | To Expense | 1.75 |
| Nov. 26 | To Cash | 500.00 |
| Nov. 29 | To Demurrage | 4.00 |
| Dec. 2 | To Checks | 500.00 |
| Dec. 30 | To Cash | 1,000.00 |
| 1920 | | |
| Jan. 3 | To Cash | 1,000.00 |
| Jan. 23 | To Cash | 1,000.00 |
| Feb. 12 | To Cash | 1,000.00 |
| Mar.10 | To Cash | 300.00 |
| Apr. 28 | To Cash | 400.00 |
| 1922 | | |
| May 3 | To Automobile (sold and delivered) | 1,920.00 |
| | To Interest on $3,104.46, 2 years, 5 months | 527.75 |
| | Interest since due and demanded on $4,052.21, 5 years, 9 months | 1,539.83 |
| | Amount due on contract | 8,360.08 |
| | | 20,055.41 |
| | Less credits | 8,479.66 |
| | Balance due | $11,575.75 |

Then followed the details of the credits aggregating, as stated above, $8,479.66, and consisting of pulp wood delivered at various dates beginning with September 26, 1919, and ending with October 20, 1920, excepting that the last item, "Wood delivered on auto, $1500," is dated 1922.

The automobile and the wood delivered on account of it were plainly out of the case previous to the filing of the affidavit. In addition to that, plaintiff had utterly failed to prove the payment of $500 on November 26, 1919, the evidence being that this charge was error and was taken care of by the charge of "Checks, $500" under date of December 2; the computation of interest was necessarily incorrect, the principal sum upon which it was computed having been shown to be incorrect; the last charge "Amount due on contract $8,360.08" could in no sense be deemed a part of an "itemized account," and to complete the summary, each remaining item in the account was, on its face, barred by the statute of limitations.

Under these circumstances, the trial judge excluded the affidavit.

. The affidavit was offered to the entire account. It was in regular form. It was offered, in the language of the statute, as *"prima facie* evidence of the truth of ·the statement" contained in it and "entitled plaintiff to judgment unless rebutted by competent and sufficient evidence." Such an affidavit is only applicable to "actions brought on an itemized account." Is such an affidavit applicable to an account annexed which is in part itemized and in part not? Must it be received as *prima facie* evidence of its truth and as entitling plaintiff to judgment unless rebutted, when a portion of the account to which it is sought to be applied is obviously barred by the statute of limitations?

The statute which makes such an affidavit admissible defines the weight which shall be given it. It is *"prima facie* evidence of the truth of the statements contained therein." It "entitles plaintiff to judgment unless rebutted by competent and sufficient evidence." It puts the burden of proceeding with the evidence on the defendant.

It is urged, by the defendant, that when offered in support of an entire account, such an affidavit should be susceptible of application to the entire account; that if plaintiff desires to apply it to a portion of his account only, he should limit its scope by appro-

priate selection of that part of his account which he desires to prove by it; that if the court receives it at all, it must receive it at face value and give it the weight to which the statute says it is entitled and that to so receive it in the instant case and give it that weight would be an enlargement of any intended or legitimate use.

It can not be denied that there is merit in these suggestions. But the various propositions outlined, together with others which suggest themselves in the consideration of the matter, require no decision here. Whether the ruling complained of was error or not is not, in this case, of the slightest importance. If the affidavit had been admitted and had been accorded all of the weight possible to give such an affidavit, the situation, so far as the plaintiff's right to recover is concerned, would have remained unchanged. It could only entitle him to judgment in the event that it was not "rebutted by competent and sufficient evidence." The evidence already in the case furnished a complete rebuttal to the *prima facie* case made out by the affidavit, assuming that such a case was so made out. Plaintiff was not aggrieved by the ruling. The result was not changed by it. He takes nothing by this exception.

The sixth exception is to the order of the Court, at the close of plaintiff's case, compelling him to elect upon which count in his writ he intended to rely. The one count was for damages for breach of contract, the other, the account annexed, which, excepting for the item relating to the automobile, was made up entirely of charges of payments made on account of the contract set forth in the second count and interest thereon and a blanket item for amount due on the pulp wood contract.

From the evidence which had been introduced prior to this ruling, it was apparent that plaintiff could not recover for the alleged sale of the automobile. Certainly he could not recover both for damages for breach of the contract and also the amount of money paid by him on account of the contract.

The counts were inconsistent. Under the circumstances, the propriety of the ruling is apparent. It was a matter wholly within the discretion of the trial judge. *Brady* v. *Ludlow Mfg. Co.*, 154 Mass., 468; *Golding* v. *Brennan*, 183 Mass., 286. The discretionary power of the court was not transcended here; on the contrary, it was wisely exercised.

The seventh exception is to the direction of a verdict for defendant. There is no merit in this exception. There was nothing to submit to the jury. No evidence had been adduced upon which twelve reasonable and intelligent men could have based a verdict for plaintiff. Had the action of the court been otherwise and for any reason a jury had found for the plaintiff, it would have been the plain duty of the presiding Justice to have set the verdict aside.

*Exceptions overruled.*