PETER P. CAREY
*vs.*
BOURQUE-LANIGAN POST NO. 5,
THE AMERICAN LEGION
BOURQUE-LANIGAN POST NO. 5,
THE AMERICAN LEGION BUILDING CORPORATION
AND TRUSTEES

Kennebec.   Opinion, March 13, 1954.

*Jerome G. Daviau,* for Plaintiff.

*Thomas N. Weeks,* for Bourque-Lanigan Post No. 5,
                    The American Legion Bldg. Corp.
*Eaton & Eaton,* for Bourque-Lanigan Post
                    and American Legion Bldg. Corp.
*Cyril Joly, Jr.,* for Bourque-Lanigan Post.

SITTING: MERRILL, C. J., THAXTER, FELLOWS, TIRRELL, J.,
WEBBER, JJ.  WILLIAMSON, J., did not sit.

WEBBER, J. The plaintiff is a building contractor. The two principal defendants are for the purposes of this case one entity as their rights and obligations are identical. The parties entered into a single, entire, written contract for the erection of an American Legion building at an agreed price of $129,978. Final payment was conditioned on issuance of a certificate of completion and acceptance by the architect named in the contract. The work was to be substantially completed on or before June 30, 1949 "if possible." Several months after that, defendants discharged the contractor alleging unexcused non-completion and numerous and substantial breaches of the contract. The contractor next brought a bill in equity to enforce a lien for labor and materials. Defendants responded with an action at law for damages for the breach. In equity plaintiff was awarded a lien for $118,000 less credit for what had already been paid the plaintiff. At law these defendants recovered from this plaintiff damages in the sum of $10,000. Now in yet another action at law, plaintiff seeks to recover the value of services rendered by way of *quantum meruit*. At the close of the evidence, the presiding justice directed a verdict for defendants and the matter is here upon exceptions thereto.

In directing a verdict for defendants, the presiding justice indicated that he relied primarily upon the doctrine of *res judicata* as applicable here. In so ruling, he had before him in the form of exhibits the written contract, the bill, answers, findings and decrees in the lien action, and the writ and plea in the action at law together with the mandate and rescript which were filed when we reviewed the latter action in *Bourque-Lanigan Post No. 5, The American Legion v. Peter P. Carey*, 148 Me. 114. The plaintiff has not seen fit to bring up or make a part of his bill of exceptions the several exhibits (except the contract) upon which the presiding justice obviously relied in directing a verdict. If the

exhibits demonstrated that the subject matter in controversy here was brought directly in question by the issues in the prior proceedings which terminated in the form of judgments, such evidence would estop the plaintiff here. *Bourque-Lanigan Post No. 5, The American Legion* v. *Peter P. Carey, supra; Buck* v. *Collins,* 69 Me. 445; *Susi* v. *Davis, et al.,* 133 Me. 354. The presiding justice, with the exhibits before him in evidence, properly determined as a matter of law that the estoppel was created. We see no way in which any error in such a ruling could be demonstrated to us without bringing up those exhibits and making them a part of the bill of exceptions. The applicable rule was well stated in *Medical Co.* v. *Stahl,* 117 Me. 190 at 191:

> "We have recently and frequently held that when a verdict is directed, and exceptions are taken, all of the evidence necessarily becomes a part of the case on exceptions, whether it is mentioned in the bill of exceptions or not. Such a ruling is based upon the entire evidence and will stand unless it is shown to be erroneous. The burden is on the excepting party to show that it is erroneous and that he is aggrieved. And it cannot be determined without an examination of all the evidence for it may be that the errors complained of are cured, or the omission supplied, by the evidence omitted in making up the case. *Peoples National Bank* v. *Nickerson,* 108 Me. 341; *Austin* v. *Baker,* 112 Me. 267. For this reason we should be amply justified in overruling the exceptions."

To the same effect, *Gross* v. *Martin,* 128 Me. 445; *Sawyer* v. *Hillgrove,* 128 Me. 230; *Bouchles* v. *Tibbetts,* 117 Me. 192; and *Willey* v. *Maine Central R.R. Co.,* 137 Me. 223.

We note also in this case that it was not through mere inadvertence that the excepting party failed to bring up the necessary evidence. He applied to the presiding justice and received from him permission to refrain from printing the exhibits or making them a part of his case upon review

of his exceptions. Such a defect or omission to include evidence requisite to show any error, however, is not cured or remedied by the granting of permission by the trial court to omit such evidence.

There is no necessity in this case to remand to the court below in order that the missing evidence might be supplied to satisfy the requirements of justice. It is apparent that no other result could have been reached than the one to which exceptions have been taken. We have before us all the other evidence in the case and the oral arguments and briefs of counsel. From them we glean that in the lien action, the court below, despite plaintiff's breach and non-performance of his contract, found a substantial benefit to defendants, and under equitable principles awarded a lien for the contract price less the cost of completion. We are not required here to say whether plaintiff was entitled to so much, or even to anything. We say merely that it is apparent that he received in equity all that the most liberal view of the lien law would permit after failure to perform fully an express contract. *M. J. Daly & Sons* v. *New Haven Hotel Co.*, 91 Conn. 280, 99 A. 853; See *Brown* v. *Home Dev. Co.*, 129 N. J. Eq. 172, 18 A. (2nd) 742; See *King* v. *Hoadley,* 112 Vt. 394, 26 A. (2nd) 103.

A further subtraction would have been proper for harm and damage caused the owner by the contractor's breaches up to the point where the latter's operations ceased, but apparently it was agreed that such damages would be considered in the action at law and not used as a factor in the lien action. This decision was no doubt aided by the fact that the justice before whom the lien action was pending was at the same time the referee chosen by agreement of the parties to hear and determine the action at law. In any event, the owner was awarded damages in the action at law and that award, reviewed by us upon exceptions, was sus-

tained in *Bourque-Lanigan Post No. 5, The American Legion* v. *Peter P. Carey, supra.*

The final results in these two actions together effectively resolved the issues sought to be raised in the action now before us and determined all of the rights, obligations, and liabilities of the parties arising out of this building contract and its partial performance by the plaintiff. The combined result of the two previous actions gave the plaintiff, having in mind his unexcused non-performance and breaches of contract, all that the law would allow on the most favorable view of the equities of his position. He was given the contract price less the cost of completion, less the amount actually paid him, less the harm and damage caused by his non-performance and prior breaches. See Restatement Law of Contracts, Chap. 12, Sec. 357, and especially Illustration No. 3 on page 628.

In view of our holding that the plaintiff was estopped by the application of the doctrine of *res judicata* to seek an additional recovery by way of *quantum meruit*, it is unnecessary for us to determine here the exact circumstances under which one may seek recovery by way of *quantum meruit* after breach of an express contract. For a discussion of some of the limitations upon such recovery, however, see *Levine* v. *Reynolds*, 143 Me. 15; *Thurston* v. *Nutter*, 125 Me. 411; *Veazie* v. *Bangor*, 51 Me. 509; *Holden Steam Mill* v. *Westervelt*, 67 Me. 446; and *Hub Construction Co.* v. *Dudley Wood Works Co.*, 274 Mass. 493, 175 N. E. 48.

We find no error in the action of the presiding justice in directing a verdict for the defendants.

The entry will be,

*Exceptions overruled.*