LEWIS D. WRIGHT *versus* ELIAS HASKELL.

Where the defendant had contracted to sell to plaintiff a house, to be paid for in labor by plaintiff, which the plaintiff, with defendant's knowledge, and without objection from him, put in repair, and also performed labor for defendant in payment therefor, — if, afterwards, he is prevented from completing his contract, by the fault of the defendant, he may recover of him, in an action of assumpsit, for the improvements made, and for the labor performed.

Every breach of a special contract by one party, does not authorize the other to treat it as rescinded; but if the act of one party be such as necessarily to prevent the other from performing on his part, according to the terms of the agreement, the contract may be considered as rescinded by the other.

ASSUMPSIT on account annexed. Defendant duly filed an account in set-off. The case is presented on EXCEPTIONS taken by the defendant to instructions given by APPLETON, J., the jury having rendered a verdict for the plaintiff.

It appears from the bill of exceptions that testimony was introduced tending to show that defendant, in the year 1848, contracted to sell to plaintiff a small dwellinghouse in Jefferson, to receive his pay in blacksmith work; that the defendant thereupon went into possession of the premises, and made alterations and improvements in the house and outbuildings; that these repairs were put on without instructions from the defendant, and without having any consultation with him, but were done by the plaintiff on his own account, under the expectation that the property would become his; that plaintiff continued to occupy the premises until 1855, and, during such occupancy, had done the blacksmith and other work sued for in this case, towards the payment for the house; that in the spring of 1855, by mutual agreement, the plaintiff gave up the premises to the defendant.

There was contradictory proof on these points.

There was no evidence that defendant agreed either to pay for the work thus done, or to pay the plaintiff for the improvements which he had put upon the property, nor that there was any agreement for rent, but there was proof tending to show that when plaintiff demanded payment for his labor and re-

pairs and improvements, the defendant replied that he did not owe the plaintiff any thing, and that the defendant was knowing to the different improvements made by plaintiff, and that the house was untenantable when the plaintiff entered it.

The defendant claimed rent of the place during plaintiff's occupation. There was evidence of notice to quit to tenant. There was also testimony tending to show that when plaintiff gave up the house, three men were selected, by parol agreement, to view the premises and determine what the plaintiff was entitled to for his betterments, with liberty to either party not to abide by their determination by paying five dollars, and that they examined the premises and made an appraisal of the betterments of the plaintiff, and the sum to which he was entitled, with which defendant was dissatisfied and said he would pay the forfeiture, and paid plaintiff five dollars.

There was testimony tending to show that plaintiff was to pay two hundred dollars for the premises, fifty dollars a year in labor; and testimony that there was no such agreement. Whatever agreement there was, if any, was in writing.

Defendant's counsel contended, and asked the Court to instruct the jury that, under such circumstances, the plaintiff could not recover for the labor thus done in part payment for the premises, nor for his item for betterments and repairs on the buildings. The Court gave the requested instruction and also instructed the jury that if there was a contract of sale of the premises, and the improvements were made under that contract by the plaintiff on his own account, and the work was done in part payment, that the plaintiff could not recover if the non-performance of the contract was through his fault; that, if through the fault of the defendant, and he prevented the performance of the same, the plaintiff would be entitled to recover what his repairs were reasonably worth, and for his bill for blacksmith work.

That if the contract was rescinded by mutual agreement, the plaintiff would be entitled to recover for his bill for blacksmith work, and the reasonable value of his improvements

upon the house, deducting the fair rent of the place, in the absence of any agreement on the subject to the contrary.

*Gould & Kennedy* argued in support of the exceptions.

*Ruggles, contra.*

The opinion of the Court was drawn up by

RICE, J. — Assumpsit for iron work done for the defendant and for labor and materials and improvements upon the house and land of the defendant.

In view of the whole evidence in the case, the *tendency* of different portions of which only is reported, the counsel for the defendant requested the presiding Judge to instruct the jury " that, under such circumstances, the plaintiff could not recover for the labor thus done in part payment of the premises, nor for his item for betterments and repairs on the building," which requested instruction the Court gave, and also instructed the jury that if there was a contract of sale of the premises, and the improvements were made under that contract by the plaintiff, on his own account, and the work done in part payment, that the plaintiff could not recover if the non-performance of the contract was through his fault; that if through the fault of the defendant, the plaintiff would be entitled to recover what his repairs were reasonably worth and for his bill for blacksmith work.

This last instruction, which he did not call for, the defendant contends is erroneous, and insists if there was a contract, which the plaintiff was prevented from fulfilling through the fault of the defendant, his remedy is by a special action upon that contract, and not in assumpsit for labor performed and materials furnished.

There is an apparent discrepancy between the requested instruction, which was given, and the one which immediately follows it, unless the latter be deemed, as it was probably intended, as a qualification of the former. If the qualification is in conformity with the law, then the defendant has no cause for complaint.

The instruction is predicated upon the hypothesis that the jury might find that there had been a contract of sale of the premises from the defendant to the plaintiff, that the plaintiff had made improvements thereon under the contract, and had done certain blacksmith work in part payment therefor, but had been prevented from completing the contract by the fault of the defendant.

There would seem to have been evidence on which to base such an hypothesis; and, also, that whatever improvements had been made by the plaintiff were made with the knowledge of defendant and without objection on his part.

Every breach of a special contract, by one party, does not authorize the other to treat it as rescinded; but there are some breaches that do amount to an abandonment of it. There is not, perhaps, any precise rule, which, when applied to the breach of a contract, certainly settles the question whether it is thereby abandoned or not; but if the act of one party be such as necessarily to prevent the other from performing on his part, according to the terms of the agreement, the contract may be considered as rescinded by the other. His remedy in such case is upon the common counts. *Dubois* v. *Delaware and Hudson Canal Co.*, 4 Wend. 285; *Canada* v. *Canada*, 6 Cush. 15; 2 Greenl. Ev. § 104.

The instruction complained of was in strict conformity with this principle, and is well sustained by authority, and is certainly not inequitable, as the defendant now has his house with the improvements.

*Exceptions overruled and judgment on the verdict.*

TENNEY, C. J., HATHAWAY, MAY, GOODENOW, and DAVIS, J. J., concurred.