### SAMUEL VEAZIE *versus* THE CITY OF BANGOR.

A plaintiff cannot recover upon a count in his declaration setting out a special contract, unless he alleges and proves performance of the contract.

Where services are performed under a special contract, the party claiming payment therefor must, as a general rule, prove substantial performance or a waiver.

Acceptance or voluntary use of the subject matter of the contract is evidence of a performance, or a waiver, though not conclusive.

But, if such acceptance or use is in ignorance of deficiency of performance, it is not a waiver.

When there has been no intentional departure from the contract, or failure to perform it, but the party has acted in good faith, endeavoring to fulfill it according to its terms, he may recover, in case of failure, what his services are worth, less the damage caused by such failure.

But, in such cases, proof of an intention *bona fide* to perform the contract fully is indispensable to a recovery.

When, by the terms of a contract, some person is agreed upon to examine and determine the character, quality or quantity of the work done, no action can be maintained *upon the contract*, unless such examination and decision are alleged and proved.

Nor can a party recover, *under a general count*, for labor performed under such a contract, unless he proves that he attempted in good faith, and did all he reasonably could, to perform it in all respects; including the examination and decision, or some sufficient reason for the want of them.

ON EXCEPTIONS, by defendants, to the ruling of APPLETON, C. J.

ASSUMPSIT to recover for labor, &c., expended upon the highways in Bangor. The case is stated in the opinion.

*A. G. Wakefield*, for defendants.

*McCrillis & Sanborn*, for plaintiff.

The opinion of the Court was drawn up by

DAVIS, J. — The plaintiff contracted to keep certain roads in the city of Bangor in good condition and repair, for a term of three years, for the sum of $1700 a year, to be paid to him *annually*. The case is very nearly like that of *Allard* v. *Belfast*, 40 Maine, 369, in which the plaintiff made a similar contract, upon which he was to be paid *quarterly*.

It is evident that the Court, in that case, overlooked the fact that such a contract is clearly divisible, and therefore no payment is required before performance. *Keeping* the roads in repair, from one quarter to another, or from year to year, is a full performance, *pro tempore*, entitling the party to payment therefor. And, therefore, *such performance* is a condition precedent to any right of payment.

No definite rules can be given, though sometimes it is attempted, by which it can always be determined whether it is the intention of the parties that the conditions in a contract shall be dependent, or independent. As was said by TINDALL, C. J., in the case of *Stavers* v. *Curling*, 3 Bing., 355, there is no better guide than "common sense." *Leonard* v. *Dyer*, 26 Conn., 172; *Kettle* v. *Harvey*, 21 Vt., 301. But, if this case is within either of the rules given by Sergeant WILLIAMS, in 1 Saund., 320, it is the *second*, instead of the *first;* "when the day appointed for the payment of the money is to happen *after* the thing is to be performed which is the consideration therefor, no action can be maintained for the money before performance." Such was held to be the law applicable to it when it was previously before us; and it was sent back to a new trial for that reason.

The plaintiff cannot recover upon the first count in his

writ, because, in that the special contract is set out, and no performance is alleged. The second count is a general one, for labor done in repairing certain roads, for which a *quantum meruit* is claimed. Upon this he was entitled to recover, by proving the services generally, unless the defendants could defeat the action by proof that they were performed under the special contract. *Jewett* v. *Weston*, 11 Maine, 346; *Wolfe* v. *Howes*, 6 Smith, (N. Y.,) 197.

Such a contract having been proved, under which the services were rendered, the question arose at the trial whether the plaintiff could recover any compensation without proving a literal and full performance of the conditions. And, upon this point, the jury were instructed that, though the plaintiff had failed in some particulars to perform the contract according to its terms, " if he had performed labor beneficial to defendants, he might recover what his services were reasonably worth, less the damage sustained by reason of his failure to fulfill it."

There are two general conditions to be performed by the plaintiff, in the special contract, (1,) " to keep the roads in good condition and repair," and (2,) " to the acceptance and approval of the mayor and the committee on streets and highways," according to whose " directions" he was to be paid annually.

If the plaintiff failed to any extent, or for any part of the year, to perform the *first* condition, and the *second* condition had not been in the contract, could he recover a *quantum meruit* for any beneficial services rendered during the year?

The general principle undoubtedly is, in all cases where services are performed under a special contract, that the party claiming payment therefor must prove substantial performance, or a waiver. *Stark* v. *Parker*, 2 Pick., 267. An acceptance, or a voluntary use of the subject matter of the contract, will be evidence of performance, or of a waiver, though not conclusive. *Hayden* v. *Madison*, 7 Greenl., 79; *Abbott* v. *Hermon*, 7 Greenl., 118; *Pullman* v. *Corn-*

*ing*, 5 Selden, 93; *Bristol* v. *Tracy*, 21 Barb., 236; *White* v. *Hewitt*, 1 Smith, (N. Y.,) 395; *Smith* v. *Coe*, 2 Hilton, (N. Y.,) 365; *Taylor* v. *Williams*, 6 Wisc., 363. But, if such acceptance, or use, is in ignorance of any deficiency of performance, it will not be held to be a waiver. *Andrews* v. *Portland*, 35 Maine, 475; *Morrison* v. *Cummings*, 26 Vermont, 486.

There are cases in which it is held that, for services performed under a special contract, there can be no right of payment, in whole or in part, without a strict and literal performance of all the conditions, or a waiver thereof. That of *Andrews* v. *Portland*, previously cited, would seem to imply such a doctrine. But the plaintiff, in that case, did not bring himself within an *exception* to the rule, which is sustained by numerous cases, having the weight of authority decidedly in its favor.

When there has been no *intentional* departure from the contract, or failure to perform it, but the party has acted in good faith, endeavoring to fulfill it according to its terms, in case of failure, he may recover what his services are worth, less the damage caused by such failure. *Norris* v. *School District*, 12 Maine, 293; *Knowlton* v. *Plantation No. 4*, 14 Maine, 20; *Wadleigh* v. *Sutton*, 6 N. H., 15; *Hayward* v. *Leonard*, 7 Pick., 181; *Snow* v. *Ware*, 13 Met., 42. In all these cases where the question has been raised, and in numerous others that might be cited, proof of an *intention*, *bona fide*, to perform the contract fully, has been held indispensable to a recovery. *Wade* v. *Haycock*, 25 Penn. State, 382; *Smith* v. *Gugerty*, 4 Barb., 614.

And there is good reason for holding such intention essential. If one might knowingly depart from the terms of a contract, or, with no good excuse, leave it half performed, and still have the right to exact payment for his services, it would not only leave the other party without any right or power to carry out his own plans in his own affairs; but, it would open a wide door for fraud, and be a fruitful source of litigation. No person has any right to *any com-*

*pensation* for services rendered under a special contract, unless he has at least *attempted*, in good faith, to perform all its conditions. It was in consequence of overlooking this principle, that the Court in New Hampshire, in opposition to the general current of authorities elsewhere, held that one who voluntarily, and without excuse, left the service of his employer before the expiration of the time agreed upon, could recover for the time he had worked. *Britton* v. *Turner*, 6 N. H., 481; *Miller* v. *Goddard*, 34 Maine, 102.

Whether the plaintiff, in the case at bar, acted in good faith, with the actual intention to keep the roads in as good repair as when he took charge of them, does not appear to have been a question particularly presented at the time of the trial. Whether the presiding Judge should not have stated to the jury that he could not recover without proof of the fact, we need not now determine; for the question raised upon the *second* condition to be performed by the plaintiff may be conclusive of the case, without another trial.

This condition is, that the roads should be kept in repair, &c., "to the acceptance and approval of the mayor and the committee on streets and highways." And it is admitted that they had not been accepted or approved by the mayor and the committee; and that the plaintiff had not *requested* them to examine or approve of them, nor attempted to procure their acceptance.

This was a substantial part of the contract into which the plaintiff entered, and he was not at liberty to disregard it. The mayor and committee were not parties to the contract, but were persons upon whose judgment the parties relied, and whose approval the plaintiff agreed to procure. If he had applied to them, and they had refused to *examine* the roads; or if, upon an examination, they had capriciously, arbitrarily, or unreasonably refused to accept and approve them, he might not have been without a remedy. *Hill* v. *School District*, 17 Maine, 316; *Chapman* v. *Lowell*, 4

Cush., 378. But, voluntarily and intentionally to disregard his contract in this respect, and *avoid* the examination and judgment of the men mutually agreed upon, was an act of bad faith, by which he is precluded from any right of recovery, even if his services were, to some extent, beneficial. The authorities are numerous on this point.

Thus, in *Milner* v. *Field*, 1 Eng. Law & Eq., 531, under an agreement to build houses, to be paid for by instalments, as the work progressed, upon delivery of a certificate, signed by the surveyor for the time being, "that the work had been in all respects well and substantially performed," such certificate was held to be a condition precedent to any right of payment. In *Butler* v. *Tucker*, 24 Wend., 447, the work was to be done "to the entire satisfaction" of the other party, and of the building committee; and it was held that the plaintiff could not recover without alleging and proving that the work was done to the satisfaction of the *committee*, though he need not allege or prove that it was done to the satisfaction of the *defendant*. But in *McCarren* v. *McNulty*, 7 Gray, 139, it was held, in such a case, that it was necessary to prove that the work was satisfactory to, or accepted by, the *defendants*. And in all cases where some person is agreed upon by the parties, in the contract, to examine and determine the *character, quality*, or quantity of the work done, such examination and decision are conditions precedent to any right of payment, and must be alleged and proved in order to maintain an action upon the contract. *United States* v. *Robeson*, 9 Peters, 319; *Morgan* v. *Birnie*, 23 Eng. Com. Law, 415; *Lebanon R. R. Co.* v. *McGraun*, 33 Penn., 530; *Faunce* v. *Burke*, 16 Penn., 469; *Adams* v. *City of New York*, 4 Duer, 295; *McMahon* v. *N. Y. & E. R. R. Co.*, 6 Smith, (N. Y.,) 463, and cases there cited.

The case at bar does not differ from these, except that the second count is not upon the *contract*, but is a general one, for labor. But, under this count, the labor having been performed *under the contract*, the plaintiff must *prove* that

he *attempted*, in good faith, and did all he reasonably could, to perform it, not only in repairing the roads, but also in procuring the acceptance and approval of the mayor and committee on highways. Their acceptance and approval, *or some sufficient reason for the want of it*, was indispensable in order to maintain the action. But nothing of the kind is alleged; and, if such an allegation had been made, or is not necessary, in the general count, it is not only *not* proved, but is *disproved*, by the evidence.

A motion for a nonsuit was seasonably made by the counsel for the defendants; and the parties agreed that, if it should have been granted, the verdict, if for the plaintiff, should be set aside. Accordingly the verdict is set aside; and, if it is desired, *a new trial will be granted.*

APPLETON, C. J., CUTTING, KENT, DICKERSON and BARROWS, JJ., concurred.