WILBUR L. DURGIN

*vs.*

BENJAMIN LEWIS

York.    Opinion, March 13, 1961.

*Titcomb, Fenderson & Titcomb,*
*Robert G. Pelletier,* for plaintiff.

*Berman, Berman & Wernick,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

WEBBER, J.    In a writ brought under the rules of pleadings and procedure in effect prior to December 1, 1959 the plaintiff in the first count of his declaration declared upon an express oral contract. There were inserted allegations of part performance by the plaintiff and breach by the defendant effectively preventing further performance by plaintiff. The second count in the declaration contained the money counts followed by a specification alleging part per-

formance by the plaintiff of an oral contract described only in general terms.

In a hearing before referees, the plaintiff adduced evidence that the parties entered into a binding oral agreement, but there was no evidence from which the referees could find the existence of *the express oral contract* described in the first count of plaintiff's declaration. Under rules of pleadings then in force and which necessarily govern this case, the variance between allegation and proof is fatal to a recovery under the first count. *Dufour* v. *Stebbins,* 128 Me. 133, 137.

Turning next to the money counts, it is recognized that under appropriate circumstances the plaintiff may have recovery thereunder for the fair value of services rendered in part performance of an express contract. Damages are measured by the benefit retained by the defendant and for which he should justly pay. The money counts are not an appropriate vehicle for the recovery of profits lost by reason of defendant's breach of an express oral contract. See *Carey* v. *Bourque-Lanigan Post No. 5,* 150 Me. 62, 66; *Veazie* v. *City of Bangor,* 51 Me. 509, 512; *Thurston* v. *Nutter,* 125 Me. 411, 416; *Levine* v. *Reynolds,* 143 Me. 15, 22; *Holden Steam Mill* v. *Westervelt,* 67 Me. 446, 450; *Wright* v. *Haskell,* 45 Me. 489, 492; *Sylvester* v. *Twaddle,* 153 Me. 40, 42; 4 Am. Jur. 496, Sec. 5; Martin's Notes on Pleading, Page 37. As stated in Greenleaf on Evidence, 15th Ed., Vol. 2, Page 88:

> "(2)   Where the contract, though partly performed, has been * * * rescinded and extinct (sic) by some act on the part of the defendant. Here, the plaintiff may resort to the common counts alone, *for remuneration for what he has done under the special agreement."*   (Emphasis ours.)

The referees found breach of an oral contract without specifying its nature or terms and awarded damages clear-

ly based on plaintiff's loss of profits. What the plaintiff did in the preliminary stages of performance and which might be said to have benefited the defendant were meager and obviously of little pecuniary value. In fact the evidence is silent as to any value which might be put upon it. We are forced to conclude that there was no evidence before the referees which would support their finding of damages. Had the plaintiff declared upon the contract he proved, or had he proved the contract upon which he declared together with the breach thereof, the evidence would have supported the referees' finding of damages. But this is of no avail to a plaintiff whose declaration and proof limit him to recovery under the money counts.

The point of pleading on which this case turns was not briefed or argued by the counsel for the defendant, but we cannot say that it has thereby been waived. The defendant has consistently maintained the position that the referees erred as a matter of law in their award of damages. Such is the legal result of this case.

*Exceptions sustained.*