**Edward PEASLEE, Jr. and
Eileen Peaslee**

v.

**PEDCO, INC.**

Supreme Judicial Court of Maine.

Argued May 2, 1980.
Decided May 29, 1980.

---

Lipman, Parks, Livingston, Lipman & Katz, P. A., John M. Parks (orally), Sumner H. Lipman, Augusta, for plaintiff.

Clark & Jones, P. A., Dennis L. Jones (orally), Gardiner, for defendant.

Before WERNICK, GODFREY, NICHOLS, GLASSMAN and ROBERTS, JJ.

GODFREY, Justice.

The facts of this case are set forth in *Peaslee v. Pedco, Inc.*, Me., 388 A.2d 103 (1978) [hereinafter referred to as "*Peaslee I*"]. To state the matter briefly: the Peaslees brought an action for rescission of a contract pursuant to which they had conveyed land to Pedco in exchange for Pedco's note and mortgage. Accepting the report and recommendation of a referee, made after a hearing that Pedco failed to attend after due notice, the Superior Court gave judgment for the Peaslees ordering rescission. The referee found that lawyers from the same law firm represented both the Peaslees and Pedco in preparing the con-

tract. Although the Peaslees were aware that the two lawyers were associated in the same law office, they were not aware that one of the lawyers owned an interest in Pedco and was an officer of Pedco when they retained his associate to represent them in drawing up the contract. The contract was disadvantageous to the Peaslees in certain important respects.

The judgment of the Superior Court had ordered, as a condition of rescission, that the Peaslees "deliver" the note and mortgage to Pedco. On appeal by Pedco, we affirmed the judgment, modifying the condition that the Peaslees deliver the note and mortgage to require, instead, that the Peaslees offer to surrender to Pedco its promissory note and tender to Pedco an executed discharge of the recorded mortgage securing that note. The obvious purpose of our modification was to avoid requiring the Peaslees to relinquish Pedco's note and mortgage before they were assured of obtaining the reconveyance from Pedco.

We remanded *Peaslee I* for modification of judgment in accordance with our opinion, in the text of which we stated that rescission should be decreed on condition that the Peaslees offer to make restitution to Pedco of benefits conferred on them by Pedco in the performance of the contract. Such a condition is a common provision in a decree of rescission, and the purpose of our statement was to remind the Superior Court that in revising its judgment in this equitable action it still had the power to assure by the terms of its decree that the Peaslees would not be unjustly enriched as a result of benefits that Pedco may have conferred on them in the course of performance of the contract—by Pedco's having made one or more payments on the mortgage debt, for instance. It is necessary to remember a salient and peculiar fact about this case: the original judgment of the Superior Court was based on the report and recommendations made by the referee after a duly noticed hearing at which defendant had not appeared. From the record of that hearing it could not be inferred with certainty that Pedco had not made payments on the mortgage debt, although it seemed probable that

it had not done so. The record of the referee's hearing gave no indication, either, whether the Peaslees had received other benefits during the performance of the contract.

 Although Pedco had appeared at the hearing in Superior Court held to determine whether the referee's report should be accepted, it does not appear from the record that counsel directed the court's attention in that hearing to the question of conditioning the relief to the Peaslees on their restitution of benefits conferred other than the note and mortgage. As a matter of good equity practice in framing its decree in an action for rescission, the Superior Court may properly order a plaintiff who is entitled to judgment after defendant's default in appearance to comply with certain terms as a condition to equitable relief. The purpose is to prevent unjust enrichment of a prevailing plaintiff after default by defendant. He who seeks equity must do equity.

Within a month after this Court decided *Peaslee I, supra,* and before the Superior Court had revised its judgment, supposedly to accord with our mandate, Pedco moved for a rehearing, asserting that it was not clear from our opinion whether a hearing was necessary or allowable to determine the benefits, if any, conferred by Pedco on the Peaslees. By order filed September 29, 1978, this Court denied the motion stating:

The judgment of the Superior Court, as modified in accordance with our opinion, makes rescission of the contract conditional on an offer by plaintiffs to make restitution to the defendant of benefits conferred on plaintiffs by defendant in the performance of the contract. From the record on appeal, it was not possible for this Court to determine with certainty precisely what those benefits had been. That is a determination for the parties to arrive at by agreement, if possible. If they are not able to settle the matter themselves, they should follow normal motion practice for obtaining a determination of disputed points from the Superior Court.

If there was any doubt about the meaning of our mandate in *Peaslee I*, our order of September 29, 1978 made it clear that our judgment in *Peaslee I* required the Superior Court to determine whether rescission of the contract should be conditioned on restitution by the Peaslees of benefits (if there were any besides the note and mortgage) conferred on them by Pedco in the performance of the contract—a question not theretofore addressed by the Superior Court. However, before our order of September 29 was filed, the Superior Court issued an order directing rescission of the contract on the condition that plaintiffs offer to surrender Pedco's note and tender an executed discharge of Pedco's mortgage.[1] The order set forth no other condition to relief. It appears from the record that the order was not issued after any hearing on the question of restitution.

On November 30, 1978, Pedco moved the Superior Court to hear and "determine with certainty the benefits which have been given to the Plaintiffs by the defendant pursuant to the agreement which is to be rescinded."[2] Affidavits attached to the motion stated that the parties had not been able, between themselves, to settle the question of benefits. The requested hearing was eventually held on October 2, 1979. At the close of the hearing, at which both parties appeared, the Superior Court denied Pedco's motion and had the prior order of the court dated September 15, 1978, entered on the docket.

At the hearing, the court heard an offer of proof by Pedco's attorney in which he listed items for which Pedco had paid or incurred liability in stated amounts: (1) a survey of the property, (2) "plans", (3) aerial photographs, (4) an abstract of title, (5) excavation, clearing of trees and brush, and bulldozing, (6) a sewerage plan, (7) a master plan for development of the tract, (8) drawings of the site and of projected buildings, (9) maps, and (10) a brochure for the sale of the property. From the mere recital of those items and their alleged costs, amounting to over $80,000, no inference can be drawn that the underlying operations must have resulted in benefit to the Peaslees. However, Pedco's attorney said that (1) a copy of the abstract of title costing Pedco nearly $13,000 had been given to the Peaslees; (2) that Mr. Peddle had provided the Peaslees with a "master plan" said to be worth $25,000 to $30,000; and (3) that a copy of the sales brochure was provided to the Peaslees. Pedco's attorney did not offer to prove that Pedco had made any payments on its outstanding mortgage debt to the Peaslees.

In making his offer of proof, Pedco's attorney seemed to be laboring under the impression that the Peaslees could be required to reimburse Pedco for its alleged expenditures as a condition to rescission regardless of whether the operations creating those expenditures resulted in any benefit to the Peaslees. Obviously that is not the case. It is a hornbook rule of equity, needing no citation, that the plaintiff may be required, as a condition to rescission, to surrender any property or other benefits which he has acquired from defendant in the course of performance of the contract to be rescinded and which, all circumstances considered, it is inequitable for him to retain after rescission. This certainly does not mean that a prevailing plaintiff in a rescission action is required to reimburse defendant for expenditures incurred by defendant in reliance on the contract. If, for example, Pedco provided the Peaslees with a copy of an abstract of title in the course of performing the contract, the Peaslees may be required to return the copy (and any copies made from that copy) as a condition of rescission, but not to reimburse Pedco for its expense in having the abstract prepared.

The nature and magnitude of Pedco's reliance costs might have been proper considerations for the referee to entertain at the hearing of the Peaslees' original action, as having some tendency to show that rescis-

---

1. The order was dated September 15, 1978, but not properly docketed until October 2, 1979.

2. Defendant's motion was entitled "Motion for determination of disputed points".

sion might be an inequitable remedy in the circumstances. But the referee recommended otherwise, and the Superior Court's judgment in favor of rescission, which we affirmed, became res judicata. Pedco may not now be permitted to prove its reliance costs on any theory that rescission should not have been granted.

That seems to have been the conclusion reached by the Superior Court justice who, in accordance with our judgment in *Peaslee I* and order of September 29, 1978, held the hearing on October 2, 1979, to determine whether any benefits had been conferred on the Peaslees. He appears to have considered that Pedco's offer of proof of its expenses had to be rejected because it was barred by the res judicata effect of the earlier judgment. His conclusion is understandable in view of the nature of most of the expenditures counsel was offering to prove: few of the expenditures seem to have been for anything that could possibly result in benefit to the Peaslees.

■ However, the offer of proof included certain evidence from which it could be inferred that the Peaslees acquired something of value from Pedco that they might be properly required to restore as a condition to rescission; for example, a copy of the abstract of title. With respect to the receipt of that evidence for the limited purpose of proving benefit to the Peaslees, the existing judgment was not res judicata. By our judgment in *Peaslee I* and our order of September 29, we had directed that the Superior Court judgment of rescission was to be modified to the extent of attaching a restitutionary condition to plaintiff's recovery if such a condition should prove warranted by the facts as developed through settlement or hearing. The hearing of October 2, 1979, was held for the very purpose of developing the facts relevant to this narrow question.

To the limited extent that the evidence which was the subject of Pedco's offer of proof was relevant to the Peaslees' having acquired benefits from Pedco in the course of performance of the contract, the offer of proof at least revealed the possibility that Pedco had provided the Peaslees with a copy of an abstract of title, some development plans, and a brochure. We cannot say that all those benefits, if actually found to have been conferred, were *de minimis.*

The Superior Court justice thus erred in refusing to hear any of the evidence. The case must be remanded once more to the Superior Court for it to determine after hearing whether the Peaslees should be required, as a condition to rescission, to make restitution of benefits they may have acquired from Pedco in the course of performance of the contract. At the appellate level we still cannot determine the facts necessary to resolve this relatively simple question and thus bring this nine-year-old litigation to a close with a just result.

On remand, the Superior Court should

(1) Confine evidence at the hearing to the issue of benefit to the Peaslees. It does not follow from the fact that Pedco incurred a particular expense in performance of the contract that a benefit accrued to the Peaslees therefrom which they must restore to Pedco as a condition of rescission. The cost to Pedco of performing various operations under the contract is not ordinarily relevant to the value of any benefit derived by the Peaslees from those operations.

(2) Determine whether, as a matter of fairness and equity in the light of all the circumstances, the Peaslees should be required, as a condition of rescission, to offer to return any benefits in addition to the note and mortgage that were conferred on them by Pedco in the performance of the contract. In particular, determine whether the Peaslees were provided by Pedco or any of its officers or employees with any abstract, survey, plan, photograph, drawing, map or brochure, or any copy thereof, prepared in the course of performance of the contract. If so, the Peaslees should be required to offer to return them and any copies they may have made thereof, to Pedco as a condition to

rescission. The cost to Pedco of having prepared such items is irrelevant.

(3) If the court determines under (2) above, that there are benefits that plaintiffs should return, issue an order to defendant to reconvey the property on condition that the plaintiffs (a) offer to surrender to defendant its promissory note of May 5, 1970, (b) tender to defendant an executed discharge of the recorded mortgage securing that note, and (c) offer to restore to defendant those benefits, if any, identified by the court as having been conferred by defendant on plaintiffs in the performance of the contract which it would be unjust for plaintiffs to retain.

The entry is:

Appeal sustained. Order of the Superior Court, entered October 2, 1979 denying "Motion for determination of disputed points", vacated. Judgment dated September 15, 1978, entered October 2, 1979, affirmed, subject to possible future modification depending on outcome of hearing on plaintiffs' benefits, if any. Remanded for further proceedings in accordance with the opinion herein. Parties to pay their own costs of this appeal.

All concurring.