STATE OF MAINE                                          SUPERIOR COURT
Sagadahoc, ss.                                          AMH—SAG - 12/13/2010


LOCAL LODGE S6, INTERNATIONAL
ASSOCIATION OF MACHINISTS AND
AEROSPACE WORKERS/IUMSWA

            Plaintiffs

        v.                                              Docket No. SAGSC-CV-10-41

UNITED LEASING ASSOCIATES,
LEASING SERVICES, LLC and
UNION OFFICE SOLUTIONS, INC.

            Defendants

                        ORDER ON MOTIONS TO DISMISS

        This civil case came before the court for oral argument December 8, 2010 on the motions

to dismiss filed by Defendants Leasing Services, LLC and Union Office Solutions, Inc. (UOS).

Attorney Archer appeared on a limited basis for Leasing Services, and attorney Hoffman

participated telephonically for UOS by permission of the court for the limited purpose of arguing

the motion. Attorneys Case and Johnson appeared for Plaintiff Local Lodge S6. The oral

argument was not recorded.

        The factual background can be summarized as follows. The Plaintiff labor union local

entered into a photocopier lease with Defendant United Leasing Associates (United), after being

advised on its photocopy needs by a representative of Defendant UOS. The lessor's rights and

obligations under the lease were later assigned to Defendant Leasing Services. Later, according to

the complaint, the Plaintiff discovered that UOS had made significant misrepresentations

constituting fraud in the inducement regarding such matters as the Plaintiff's needs for

photocopying services and also the cost structure of the lease relative to "dealer cost." The

complaint seeks legal damages, rescission and restitution, and alleges that United and Leasing Services are liable to Plaintiff Local Lodge S6 as agents of UOS. Defendant UOS and Defendant Leasing Services have moved to dismiss on grounds discussed below. Defendant United has not appeared in this case.

## 1. The UOS Motion to Dismiss

The UOS motion rests on the argument that the complaint fails to state any valid claim against UOS for purposes of M.R. Civ. P. 12(b)(6). A motion to dismiss "tests the legal sufficiency of the complaint." *Livonia v. Town of Rome*, 1998 ME 39, ¶ 5, 707 A.2d 83, 85. "Dismissal of a civil action is proper when the complaint fails 'to state a claim upon which relief can be granted.'" *Bean v. Cummings*, 2008 ME 18, ¶ 7, 939 A.2d 676, 679 (citing M.R. Civ. P. 12(b)(6)). In determining whether a motion to dismiss should be granted, the court considers "the allegations in the complaint in relation to any cause of action that may reasonably be inferred from the complaint." *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830, 832. The facts alleged are treated as admitted, and they are viewed "in the light most favorable to the plaintiff." *Id.* The court should dismiss a claim only "when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he [or she] might prove in support of his [or her] claim." *Id.* (quoting *Johanson v. Dunnington*, 2001 ME 169, ¶ 5, 785 A.2d 1244, 1246).

Viewed in this light, the court analyzes the motion as against the claims alleged in the complaint as follows:

*Count I—Fraud in the Inducement:* In arguing that count I of the complaint fails to state a claim, the UOS motion relies on Rule 9(b) of the civil rules, requiring fraud to be pleaded with particularity, and argues the merits of the claim with reference to documents and events outside the pleadings.

2

Normally, when materials outside the pleadings are incorporated or referred to in a Rule 12(b)(6) motion, the court must decide whether to consider or exclude the additional materials, and if they are considered, the motion to dismiss is converted into a motion for summary judgment. *See Beaucage v. City of Rockland*, 2000 ME 184, ¶5, 760 A.2d 1054, 1056; *In re Magro*, 655 A.2d 341, 342 (Me. 1995). *See also* M.R. Civ. P. 12(b) ("If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . .").

The Supreme Judicial Court of Maine, sitting as the Law Court, has recognized an exception to this general rule covering three types of material outside the pleadings: "official public documents, documents that are central to the plaintiff's claim, and documents referred to in the complaint [can be considered] without converting a motion to dismiss into a motion for a summary judgment when the authenticity of such documents is not challenged." *Moody v. State Liquor and Lottery Commission*, 2004 ME 20, ¶10 843 A.2d 43, 48.

Applied to the UOS motion as it relates to count I, these principles lead this court to conclude that the count I does lack particularity as to the allegations of fraud for purposes of Rule 9(b), but that, treated as a motion for summary judgment, it does not establish that there are no genuine issues of material fact or that UOS is entitled to judgment as a matter of law.

The allegations in count I are insufficient under Rule 9(b) because they do not indicate in any detail what allegedly false representations were made, whether they were oral or written, or who made them. Based on this lack of particularity, Plaintiff should be granted an opportunity to cure the deficiency by amendment. *See Dutil v. Burns*, 1997 ME 1, ¶5, 687 A.2d 639, 641 (leave to amend usually granted if an amendment might cure the failure to state a claim).

3

In responding to the UOS motion, Local Lodge S6 has tendered additional allegations by means of affidavits, and the court deems those sufficient to cure the lack of particularity provided they are incorporated into an amended complaint. At argument, counsel for Local Lodge S6 affirmed their intention to file such an amended complaint. The motion to dismiss is therefore denied as to count I, conditioned on the filing of an amended complaint.

*Count II - Equitable Estoppel:* The UOS motion seeks dismissal of count II of the complaint, which alleges equitable estoppel, on the ground that equitable estoppel is an affirmative defense only, and cannot be the basis of a claim. Equitable estoppel "precludes a party from asserting rights which might perhaps have otherwise existed . . . against another person who has in good faith relied upon such conduct, and has been led thereby to change his position for the worse, and who on his part acquires some corresponding right." *Dep't of Health & Human Servs. v. Pelletier,* 2009 ME 11, ¶17, 964 A.2d 630, 635 (quoting *Waterville Homes, Inc. v. Maine Dep't of Transp.,* 589 A.2d 455, 457 (Me. 1991)).

As the reference to precluding the assertion of rights implies, equitable estoppel is indeed only an affirmative defense, with limited exceptions not applicable here, and cannot be pled as a cause of action. The UOS motion is granted as to count II.

*Count III—Unjust Enrichment:* The UOS motion seeks dismissal of Local Lodge S6's unjust enrichment claim on the ground there is a valid express contract. Restitution of unjust enrichment is generally unavailable when the benefit sought to be recovered was conferred pursuant to a valid express contract. However, if a contract is rescinded due to fraud or another ground for rescission, there can be recovery for unjust enrichment to the rescinding party (or the other party) in the form of a benefit conferred in reliance on the partly performed contract. *See*

4

*Peaslee v. Pedco, Inc.,* 414 A.2d 1206, 1208 (Me. 1980); *Durgin v. Lewis,* 157 Me. 116, 117, 170 A.2d 386, 387 (1961).

Admittedly, because UOS is not a party to the lease contract, it is unclear whether Local Lodge S6 conferred any benefit upon UOS that could be the subject of a restitution claim. However, because an unjust enrichment claim does not depend on the existence of a contract, the court cannot say, on the basis of the pleadings alone, that unjust enrichment recovery against UOS as sought in count III is unavailable as a matter of law. The UOS motion is therefore denied as to count III.

*Count IV—Intentional Misrepresentation:* The UOS motion argues—and the court agrees—that count IV, for intentional misrepresentation, appears to be duplicative of count I, for fraud in the inducement. The two would not be duplicative if the "false representations" alleged in count IV were different than the statements alleged to constitute fraud in the inducement for purposes of count I. Also, if there were some difference in the relief sought, two distinct counts might be appropriate. However, because Count IV suffers from the same lack of particularity as Count II, the court cannot tell whether the two counts are justified or whether they are fully duplicative. UOS's motion to dismiss Count IV is denied conditional on Plaintiff filing an amended Count IV. However, if Plaintiff concludes that Count IV is unnecessary, then its amended complaint can simply omit a claim for intentional misrepresentation and what is now in Count IV will be deemed superseded by the amended complaint.

*Count V—Rescission:* Count V appears to overlap count I to some extent, because the Plaintiff seeks rescission based on the same acts alleged to constitute fraud in the inducement under count I. The difference is that Plaintiff seeks legal damages under count I but an equitable remedy under count V. Rescission is a recognized remedy for fraud in the inducement.

5

However, because Leasing Services is being dismissed as a party defendant, and because the complaint does not allege that there was any contract between Local Lodge S6 and UOS that could be rescinded, there is no basis in law for a rescission claim as to UOS.

## 2. The Leasing Services Motion to Dismiss

The motion to dismiss filed by Leasing Services rests on two points: a forum selection clause entitling Leasing Services to choose Wisconsin as the forum for any litigation between it and the Plaintiff, and lack of sufficient contacts to support *in personam* jurisdiction over Leasing Services. The relevant authorities are discussed in the parties' memoranda and will not be repeated at length here. On the present record, the court agrees with Leasing Services and grants its motion. However, the court will permit Plaintiff to take discovery, should it choose, exploring the relationship between UOS and Leasing Services.

There is no question, at least on the present record, that the lease contract between Plaintiff and Leasing Services contains a forum selection clause that permits Leasing Services to select any federal or state court as the venue for litigation regarding the lease. This type of provision is sometimes referred to as a "floating" forum selection clause.

The Maine Law Court has upheld forum selection clauses as valid, although it apparently has not addressed the validity of a "floating" forum selection clause. *See GENUJO LOK Beteiligungs GmbH v. Zorn*, 2008 ME 50, ¶22, 943 A.2d 573, 580; *Society of Lloyd's v. Baker*, 673 A.2d 1336, 1340 (Me. 1996). Other states have varied greatly in their treatment of such clauses. *See generally* P. Cross and H. Oxford, "Floating" Forum Selection Clauses and Choice of Law Clauses, 48 S. Tex. L. Rev. 125 (2006).

From the varied treatment, the following general principles can be distilled:

6

"Floating" forum selection clauses are deemed *per se* unenforceable in some states. In such jurisdictions, the *per se* objection is based on due process—namely it violates due process for a party to be subjected to litigation in an unforeseen and unforeseeable forum. In other states, such clauses are enforceable unless procured by fraud or other improper means. In some states, they are enforceable as long as the forum actually selected comports with due process.

In the absence of Maine precedent, this court declines to hold that floating forum selection clauses are unenforceable *per se*. Instead, the court will focus, first, on whether this clause was procured legitimately rather than by fraud or other illegitimate means, and second, whether enforcement comports with due process as the clause is applied, meaning whether the forum actually selected was reasonably foreseeable to the other party.

Here, although there are allegations that Leasing Services was an agent of UOS, there is no proof that the agency existed at the time of UOS's allegedly fraudulent activity. On this record, therefore, the court has no basis on which to invalidate, due to fraud or other undue means, the forum selection clause invoked by Leasing Services.

On the issue of enforceability as applied, Leasing Services has designated the Wisconsin state court as its chosen forum.[1] Given that UOS and United Leasing, the parties with whom Local Lodge S6 dealt initially, are both based in Wisconsin, Wisconsin is plainly a forum that was reasonably foreseeable as of the making of the contract. Thus, the court concludes that Leasing

---

[1]  Having induced this court to act in its favor on that basis, Leasing Services is now judicially estopped from selecting any other forum. *See Linnehan Leasing v. State Tax Assessor*, 2006 ME 33, ¶25, 898 A.2d 408, 414 ("To judicially estop an entity from asserting a position in a subsequent legal action (1) the position asserted in the subsequent legal action must be clearly inconsistent with a previous position asserted; (2) the party in the previous action must have successfully convinced the court to accept the inconsistent position; and (3) the party must gain an unfair advantage as a result of their change of position in the subsequent action.").

Services has established that it is entitled to require Local Lodge S6 to litigate issues relating to the contract in Wisconsin.

A separate basis for dismissal is that Leasing Services has not been shown to have had sufficient contact with the State of Maine to support personal jurisdiction. Were this the sole basis for Leasing Services's motion, the court would defer ruling until Plaintiff Local Lodge S6 could explore through discovery whether there is an adequate basis for a Maine court to exercise jurisdiction over Leasing Services. Because the forum selection clause entitles Leasing Services to be dismissed, the court sees no point in extending Plaintiff that opportunity.

For all of these reasons, the Leasing Services motion to dismiss is granted. The dismissal is without prejudice and is not being certified as final under M.R. Civ. P. 54(b). Plaintiff may take discovery in this case against UOS and Leasing Services regarding the existence of any agency relationship between UOS and Leasing Services. If the Plaintiff does identify a sufficient basis in admissible evidence (considering the "clear and convincing" proof requirement for fraud) for imputing UOS's alleged fraud in the inducement to Leasing Services, thereby calling into question the validity of the forum selection clause, it may move to amend to reinstate Leasing Services as a party.

### 3. The Present Posture of the Case

The foregoing rulings admittedly leave the parties in an anomalous position. Plaintiff is entitled to pursue its claims against UOS in Maine, but not its claims against Leasing Services. As a result, Plaintiff cannot pursue rescission or other contract claims in Maine because Leasing Services is an indispensable party to any such claim. Plaintiff's remedy in Maine thus will at best likely be limited to fraud damages, and possibly restitution for unjust enrichment, relating to a contract the enforceability of which will be determined, if at all, in the Wisconsin courts.

On the other hand, Leasing Services may also be disadvantaged by its dismissal in this case. Because Leasing Services was joined initially as a party and therefore had an opportunity to litigate here, it may be bound or affected in some way by the determination of claims or issues in this case, even without its participation, under basic principles of res judicata and collateral estoppel.

All of the foregoing is meant to encourage the parties to develop and agree on a means for resolving the parties' various disagreements in a manner that avoids potentially duplicative litigation in two states.

IT IS HEREBY ORDERED AS FOLLOWS:

1. The motion to dismiss of Union Office Solutions, Inc. is granted as to counts II and V of the complaint. Those counts are hereby dismissed. The motion is denied as to count I and IV provided the Plaintiff files a more detailed set of allegations for counts I and IV in the form of an amended complaint within 21 days of this Order, and the motion is also denied as to count III. Failure of the Plaintiff timely to file an amended complaint will result in the dismissal of counts I and IV without further notice.

2. The motion to dismiss of Leasing Services, LLC is granted. Leasing Services, LLC is hereby dismissed as a party.

Pursuant to M.R. Civ. P. 79(b), the Clerk is hereby directed to incorporate this order by reference in the docket.

Dated: 13 December 2010

A. M. Horton
Justice, Superior Court

STATE OF MAINE
Sagadahoc, ss.

 

LOCAL LODGE S6, INTERNATIONAL
ASSOCIATION OF MACHINISTS AND
AEROSPACE WORKERS/IUMSWA

Plaintiff


v.

Docket No. SAGSC-CV-10-41

UNITED LEASING ASSOCIATES OF AMERICA, LTD.,
and UNION OFFICE SOLUTIONS, INC.

Defendants

## ORDER AND DEFAULT JUDGMENT

This civil case is before the court on the Plaintiff's Motion For Entry of Default Judgment Against Defendant United Leasing Associates of America, Ltd. (ULA) and Plaintiff's Motion for Default Judgment Against Union Office Solutions, Inc. (UOS). The motion seeks declaratory relief and an award of damages. An evidentiary hearing on both motions was held August 19, 2011.

Attorney Jonathan Goldberg appeared on a limited basis for ULA and attorneys Suzanne Johnson and James Case appeared for Plaintiff Local Lodge S6 ("the Union"). UOS did not appear.[1] The court directed the clerk to enter default against both of the Defendants, that step

---

[1] Through its Wisconsin counsel, UOS had previously requested leave to participate telephonically, which request was denied for three reasons—telephonic participation was unworkable from the court's perspective; UOS's Wisconsin counsel is not admitted *pro hac vice,* and UOS has not arranged for local counsel as required by the civil rules, *see* Me. R. Civ. P. 89(b). The court had previously permitted UOS's Wisconsin counsel to participate telephonically without local counsel as a courtesy, for the limited purpose of arguing UOS's motion to dismiss, but the court declines to exercise its discretion further.

apparently having not previously been taken.[2] The Union presented the testimony of three

witnesses—Daniel, Smith, William Rudis and Jay Wadleigh. Hearing was recorded electronically.

At the close of the hearing, the court made certain findings and conclusions that are hereby

incorporated by reference as if set forth fully. Those findings are hereby supplemented and

summarized as follows:

UOS induced the Union to enter into the 72-month contract evidenced by what appears to

be ULA's standard form Lease Agreement, by guaranteeing that the Union would get the "best

price in the industry," specifically a price at or below dealer cost. The Lease Agreement calls for a

monthly payment of $2,289 per month for the three copiers that are the subject of the 72-month

lease agreement. Thus, under the Lease Agreement, the Union would pay a total of $164,808

(2289 * 72) for copiers that Mr. Smith said would together cost about $57,000 at full retail price

and about $37,000 at dealer cost.

The Union's monthly payment under the Lease Agreement is about three times what the

monthly payment would have been if priced at dealer cost. Daniel Smith gave two estimates—

$736.30 and $758.50—for what a lease for the same copiers should have cost, had the price been

set at "dealer cost" as promised.

Based on UOS's and ULA's default, the Union is not required to prove liability against

ULA and UOS. However, the evidence does indicate that UOS was acting as agent for ULA in

---

[2] Instead of requesting entry of default using the court form for doing so and thereafter filing a separate motion for default judgment, Plaintiff incorporated a request for entry of default into its motions for default judgment against UOS and ULA docketed March 2, 2010. The court did not act on the default judgment motions and hence no default had been entered.

However, the absence of any entry of default until the date of the default judgment hearing likely had no effect on the outcome. Both defendants have for months been plainly in default functionally if not literally; in fact, ULA at least appears to have assumed default had already been entered. Also, had either Defendant filed an answer or other responsive pleading, leave of court would have been required for it to be deemed timely, and based on the absence of good cause shown, leave of court for a filing months after the deadline would not likely have been granted.

2

procuring the lease, and that the Union is entitled to recover from both Defendants the amount it has paid for the copiers in excess of a reasonable price based on dealer cost. The evidence also supports the conclusion that ULA has been unjustly enriched to the extent of the excess payment, and that UOS is liable for the negligent misrepresentation that caused the Union to enter a contract for an exorbitant price.

Accordingly, based on the evidence at the hearing, the court finds and concludes that the Union is entitled to a default judgment against UOS and ULA, consisting of a declaratory judgment to the effect that the contract may be rescinded as between the Union and ULA, upon the Union's tender of delivery of the copiers, and also an award of damages.

Based on the Union having made 27 monthly payments of $2,403.45 covering the period May 1, 2008 through July 31, 2010, when it would have been reasonable to pay $750 per month, the Union is entitled to damages of $44,643.15 (2,403.45 - 750 = 1653.45 * 27).

However, the Union is still using the copiers, and has not paid anything on the copiers for the period August 1, 2010 to the present. Based on the Union tendering possession of the copiers to ULA and/or Leasing Services, LLC by no later than September 1, 2011, a deduction of $9,750 from damages for the 13 months of free use at $750 per month is appropriate. Thus, the Union has proved it is entitled to actual damages of $34,893.15 against ULA and UOS. The Union can only collect once, but ULA and UOS are jointly and severally liable for up to the full amount.

In addition, based on the grossly excessive monthly charge, the Union is entitled to rescind the contract by returning the copiers to ULA, UOS, Leasing Services, LLC or whoever owns them. To rescind, the Union must deliver the three copiers to ULA and/or Leasing Services, LLC by no later than September 1, 2011, or at least tender delivery. The Union will notify both ULA and

3

Leasing Services, LLC that the copiers can be either be picked up at its office or be shipped to ULA and/or Leasing Services, LLC at their expense.

IT IS HEREBY ORDERED AND DECLARED AS FOLLOWS:

(1) Plaintiff's Motion For Entry of Default Judgment Against Defendant United Leasing Associates of America, Ltd. (ULA) and Plaintiff's Motion for Entry of Default Judgment Against Union Office Solutions, Inc. are hereby granted.

(2) Any and all contractual rights and obligations between Defendant United Leasing Associates of America, Ltd. and Plaintiff Local Lodge S6, International Association Of Machinists And Aerospace Workers/IUMSWA arising out of the Lease Agreement between them dated April 29, 2008 shall be rescinded upon Plaintiff tendering delivery of the three copiers referenced in the lease to the lessor and/or assignee of the lease, which tender shall be made by no later than September 1, 2011.[3]

(3) Any and all rights and obligations of Plaintiff to Defendant United Leasing Associates of America, Ltd. under the Lease Agreement dated April 29, 2008 shall be terminated as of the tender of delivery under the preceding paragraph.

(4) Judgment is hereby granted to the Plaintiff Local Lodge S6, International Association Of Machinists And Aerospace Workers/IUMSWA against Defendants United

---

[3] This order and judgment does not purport to adjudicate the validity of the Lease Agreement dated April 29, 2008 as between the Plaintiff and Leasing Services, LLC, which claims to be the assignee of ULA's interest in the Lease Agreement. Leasing Services, LLC was named as a party defendant in this case, was thus on notice of Plaintiff's rescission claim and could have elected to defend the validity of the contract in this case. However, this court decided that Leasing Services, LLC was entitled to be dismissed based on a forum selection clause in the Lease Agreement. Whether the declaratory relief of rescission contained in this order and judgment should be given any *res judicata*/collateral estoppel effect against Leasing Services, LLC is obviously not a question this court either needs to decide or should decide at this juncture, and presumably depends on the law of the forum in which that issue is addressed.

4

Leasing Associates of America, Ltd. and Union Office Solutions, Inc., jointly and severally, in the amount of $34,893.15, with pre-judgment interest.

(5) Plaintiff is also awarded its costs against Defendants jointly and severally as the prevailing party.

Pursuant to M.R. Civ. P. 79(a), the clerk is hereby directed to incorporate this order by reference in the docket.

Dated  August 23, 2011

A. M. Horton
Justice, Superior Court